UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE H. OCHAKOFF, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA,<br><br>     Defendants. | Case No.  1:20-cv-06054-RPK-CLP<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHAL A. MARTIN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL<br><br>Date of Service: February 9, 2021 |
| NICHOLAS PETRUZZI, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA,<br><br>     Defendants. | Case No.  2:21-cv-00021-RPK-CLP |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT.............................................................................................................................4

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.........................................................................................................4

    B.    MARTIN SHOULD BE APPOINTED LEAD PLAINTIFF..................................5

        1.    Martin Is Willing to Serve as Class Representative....................................6

        2.    Martin Has the "Largest Financial Interest" ..............................................7

        3.    Martin Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................................8

        4.    Martin Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses...........................................10

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................................................................................................11

CONCLUSION.........................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085,
2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)............................................................8

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ..............................................................................................5

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) ..............................................................................................9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ..............................................................................................4

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..........................................................................7

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)..........................................................................10

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ..............................................................................8

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................10

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)......................................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)..................................................................7, 11, 12

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)......................................................................................................9

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
2009 WL 2259502 (S.D.N.Y. July 29, 2009) ..........................................................................5

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ...............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................7, 9

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
   2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...........................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................8

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ...........................................................................4

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ...........................................................................9

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)................................................................................4

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) .........................................................................11

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
   1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...........................................................7

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)..................................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
   2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)........................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................11

## <u>Statutes</u>

15 U.S.C. § 78u-4 ........................................................................... *passim*

PSLRA ..........................................................................................1, 7, 10, 11

## <u>Rules</u>

Federal Rule of Civil Procedure 23 ...................................................... *passim*

iii

Federal Rules of Civil Procedure 42 ........................................................................................1, 4

Movant Chal A. Martin ("Martin") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Martin as Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired Qiwi plc ("Qiwi" or the "Company") securities between March 28, 2019 and December 9, 2020, both dates inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Qiwi and certain of its officers defrauded investors in violation of the Exchange Act. Qiwi investors, including Martin, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Qiwi securities to fall sharply, damaging Martin and other Qiwi investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. §

1

78u-4(a)(3)(B)(iii)(I). In connection with his transactions in Qiwi securities during the Class Period, Martin incurred losses of approximately $2,548. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Martin believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Martin also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Martin has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Martin respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the first-filed of the Related Actions, Qiwi, together with its subsidiaries, purports to operate electronic online payment systems primarily in Russia, Kazakhstan, Moldova, Belarus, Romania, the United Arab Emirates, and internationally. *See Ochakoff v. Qiwi plc et al.*, No. 1:20-cv-06054 (E.D.N.Y.), Dkt. No. 1, at ¶ 7. The Company is incorporated in Cyprus with its principal executive offices located at Kennedy Business Centre, 2nd floor Kennedy 12, Nicosia 1087, Cyprus. *Id.* The Company's American Depository Shares ("ADSs") are traded on NASDAQ under the ticker symbol "QIWI." *Id.*

Throughout the Class Period, the above-captioned defendants ("Defendants") made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *See id.* ¶¶ 17-21. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Qiwi's internal controls related to reporting and record-keeping were ineffective; (2) consequently, the Central Bank of Russia would impose a monetary fine upon the Company and impose restrictions upon the Company's ability to make payments to foreign merchants and transfer money to pre-paid cards; and (3) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. *Id.* ¶ 21.

On December 9, 2020, after the market closed, Qiwi filed a Form 6-K with the U.S. Securities and Exchange Commission, announcing that the Central Bank of Russia had imposed a fine of approximately $150,000 for deficient record-keeping and reporting, and suspended the Company's conduct of most types of payments to foreign merchants and money transfers to pre-paid cards from corporate accounts. *Id.* ¶ 22. The 6-K stated, in pertinent part:

> From July to December 2020, the Central Bank of Russia ("CBR"), acting in its supervisory capacity, performed a routine scheduled audit of Qiwi Bank JSC ("Qiwi Bank") for the period of July 2018 to September 2020 and, in the course of this audit, has identified certain violations and deficiencies relating primarily to reporting and record-keeping requirements. We believe that the deficiencies that have been identified by the audit can arise as part of an ordinary course for most banking institutions of Qiwi Bank's scale. The monetary fine imposed on Qiwi Bank as a result of these findings was RUB 11 million, or approximately USD 150,000.

> In addition, as part of its instruction letter setting forth the findings of the audit, the CBR introduced certain restrictions with respect to Qiwi Bank's operations, including, effective from December 7, 2020, the suspension or limitation of most types of payments to foreign merchants and money transfers to pre-paid cards from corporate accounts. We believe that the restrictions imposed on us are primarily driven by an evaluation of the overall approach of the CBR to the interpretation of the applicable e-payments regulation and general trends towards

3

increased scrutiny in the areas of cyberspace and cross-border payments that we have been observing recently rather than specific deficiencies identified.

*Id.*

On this news, Qiwi's ADS price fell $2.80 per share, or 20.6%, to close at $10.79 per share on December 10, 2020, damaging investors.  *Id.* ¶ 23.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.  *See id.* ¶ 24.

## **ARGUMENT**

### **A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law,

4

and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at \*1-\*3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at \*2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B.      MARTIN SHOULD BE APPOINTED LEAD PLAINTIFF

Martin should be appointed Lead Plaintiff because he has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90

days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Martin satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.      Martin Is Willing to Serve as Class Representative

On December 11, 2020, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in Qiwi securities that they had until February 9, 2021—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

6

Martin has filed the instant motion pursuant to the Notice and has submitted a signed Certification attesting that he is willing to serve as a representative for the Class, and provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Martin satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Martin Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Martin has the largest financial interest of any Qiwi investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Martin: (1) purchased 700 shares of Qiwi securities; (2) expended $10,255 on his purchases of Qiwi securities; (3) retained all his shares of Qiwi securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $2,548 in

---

[1] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

7

connection with his Class Period purchases of Qiwi securities. *See* Lieberman Decl., Ex. A.

Because Martin possesses the largest financial interest in the outcome of this litigation, he may

be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Martin Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to

possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must

"otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

23(a) generally provides that a class action may proceed if the following four requirements are

satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the

Court need not raise its inquiry to the level required in ruling on a motion for class certification.

Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing

that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085, 2018

U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D.

88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of

typicality and adequacy is required."). Moreover, "typicality and adequacy of representation are

the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford*

*Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*,

976 F. Supp. 542, 546 (N.D. Tex. 1997); and *Fischler v. AMSouth Bancorporation*, No. 96-

8

1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of Martin are typical of those of the Class. Martin alleges, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or by omitting to state material facts necessary to make the statements they did make not misleading. Martin, as did all Class members, purchased Qiwi securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no

9

conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Martin is an adequate representative for the Class. There is no antagonism between the interests of Martin and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Martin has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Martin has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Martin Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Martin as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

10

The ability and desire of Martin to fairly and adequately represent the Class has been discussed above.  Martin is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Martin should be appointed Lead Plaintiff for the Class.

### C.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Martin has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  Most

11

recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

As a result of their extensive experience in similar litigation, Martin's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Martin's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Martin respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Martin respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Martin as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  February 9, 2021                    Respectfully submitted,

                                            POMERANTZ LLP

                                            */s/ Jeremy A. Lieberman*
                                            Jeremy A. Lieberman
                                            J. Alexander Hood II
                                            James M. LoPiano*
                                            600 Third Avenue
                                            New York, New York 10016
                                            Telephone: (212) 661-1100
                                            Facsimile: (212) 661-8665
                                            jalieberman@pomlaw.com
                                            ahood@pomlaw.com
                                            jlopiano@pomlaw.com

                                            POMERANTZ LLP
                                            Patrick V. Dahlstrom
                                            10 South LaSalle Street, Suite 3505
                                            Chicago, Illinois 60603

12

Case 1:20-cv-06054-BMC-CLP    Document 16    Filed 02/09/21    Page 18 of 18 PageID #: 183

Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

(*pro hac vice* application forthcoming)

*Counsel for Chal A. Martin and Proposed
Lead Counsel for the Class*

13