**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE H. OCHAKOFF, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA,<br><br>Defendants. | **CASE No.: 1:20-cv-06054-RPK-CLP**<br><br>**MEMORANDUM OF LAW OF DALE H. OCHAKOFF IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION**<br><br>**CLASS ACTION** |
| NICHOLAS PETRUZZI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA,<br><br>Defendants. | **CASE No.: 2:21-cv-00021- RPK-CLP**<br><br>**CLASS ACTION** |

1

Lead Plaintiff Movant Dale H. Ochakoff ("Movant" or "Mr. Ochakoff") respectfully submits this opposition to the competing lead plaintiff motion.[1] Dkt. No. 17.

### PRELIMINARY STATEMENT

Three lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers or acquirers of publicly traded securities of Qiwi plc ("Qiwi" or the "Company") between March 28, 2019 and December 9, 2020, inclusive (the "Class Period").

Mr. Ochakoff lost approximately $9,154. Dkt. No. 14-3. As explained in his opening papers, Mr. Ochakoff is a sophisticated investor with 50 years of investing experience. Dkt. No. 14 at 8. Mr. Ochakoff was employed by the State of Florida in probation and parole and is currently retired. Dkt. No. 14 at 8.

Moset International Company Limited ("Moset"), the remaining competing movant claims a larger financial interest than Mr. Ochakoff. Dkt. No. 20-2. However, Moset does not qualify as the presumptive lead plaintiff as it does not meet Rule 23's adequacy requirements.

As Mr. Ochakoff has the largest financial interest in this action *and* also *prima facie* satisfies the adequacy and typicality requirements of Rule 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Mr. Ochakoff is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### ARGUMENT

### I.    MOSET IS INADEQUATE AS IT PROVIDED NO BACKGROUND INFORMATION

Moset did not provide any background information about *itself* in its opening papers, preventing the Court, Mr. Ochakoff, and the class from vetting its background. This makes it

---

[1] On February 22, 2021, Chal A. Martin filed a notice of non-opposition to the competing motions. Dkt. No. 21.

impossible for the Court, Mr. Ochakoff, or the class to make a determination on Moset's adequacy and typicality. Courts have held that movants who provide such sparse information are inadequate to represent the class. *See Smajlaj v. Brocade Commc'ns Sys. Inc.,* 2006 WL 7348107, at \*11-\*12 (N.D. Cal. Jan. 12, 2006) (rejecting investor's motion for appointment as lead plaintiff, despite a presumption in its favor from having the greatest financial interest in the litigation, after concluding that it "will not adequately represent the interests of the plaintiff class" where questions existed as to, *inter alia*, its "authority, transparency, and structure"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (finding movant inadequate to serve as lead plaintiff where it "has not proffered any information regarding its identity, resources, and experience"); *see also Camp v. Qualcomm Inc.*, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019); *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at \*5 (N.D. Ill. Nov. 15, 2019), *reconsideration denied,* 2020 WL 476658 (N.D. Ill. Jan. 28, 2020).

*Perez v. HEXO Corp.*, 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) is instructive. In that case, a lead plaintiff movant was rejected for failure to include any background information in the opening papers, even though the movant provided background information in later rounds of briefing. The court explained that "[n]otwithstanding this additional [] information . . . [Moset's] failure to provide any information regarding his experience in his preliminary motion, the Court questions whether [Moset] will meaningfully oversee and control the prosecution of this consolidated class action." *Perez* 2020 WL 905753, at \*3. *See also Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at \*5-6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration,* 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019).

Further, Moset appears to conflate itself with *an owner*, Ramón Óscar Parra Moreno ("Mr. Moreno"). *See* Dkt. No. 20-3 (describing Mr. Moreno's background information).

3

However, Mr. Moreno did not move the Court for appointment as lead plaintiff. *See* Dkt. No. 17 at 1 ("movant Moset International Company Limited ('Movant') will and hereby does move this Court"). This confusion regarding the actual movant further raises questions regarding Moset's ability to properly perform the duties of lead plaintiff. Moreover, we do not even know if Mr. Moreno is the sole owner or if there are other owners, or other persons with interests in Moset— including those with connections to Defendants.

To be clear, we do not know several important pieces of information regarding Moset. Where is Moset incorporated? Where does Moset do business? What business does Moset conduct? Who holds an interest in Moset? In what/who does Moset hold an interest? Does Moset have any connections or ties to Qiwi? Where does Moset's money come from? Where does Moset's money go (outside of the noted investment in Qiwi)?

"[I]t is an undisputed fact that [Moset] has failed to provide any information, beyond the name of a[n] [owner], as to its business, management, structure, or its experience with securities litigation" and the Court should "decline[] to appoint as lead-plaintiff an entity that lacks basic transparency". *Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019), *reconsideration denied sub nom. Gross v. AT & T Inc.*, 2019 WL 3500496 (S.D.N.Y. July 31, 2019) (internal citation omitted).

## II.    MR. OCHAKOFF SHOULD BE APPOINTED LEAD PLAINTIFF

Given Moset's failure to demonstrate its  adequacy, the Court then turns it attention to movant with next largest financial interest, here Mr. Ochakoff.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.7 (S.D.N.Y. 2008) ("If [the movant alleging the greatest financial interest] does not satisfy the criteria of Rule 23, the Court must repeat the Rule 23 inquiry, this time considering the plaintiff with the next-largest financial stake. The

Court so proceeds until it finds a plaintiff who is willing to serve and is able to satisfy the requirements of Rule 23."); *see also In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir.2002).

In contrast to Moset, Mr. Ochakoff commenced this action and provided background information about himself in his opening papers. He is a retired former employee of the State of Florida with 50 years of investing experience. Dkt. No. 14 at 8. Because Mr. Ochakoff has the largest financial interest *and* has made prima facie showing and adequacy and typicality, he is the presumptive lead plaintiff. Dkt. No. 14; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb-cc); *see Varghese*, 589 F. Supp. 2d at 397.

To overcome the presumption entitling Mr. Ochakoff to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists nor has been proffered that Mr. Ochakoff is inadequate to be the Lead Plaintiff. As Mr. Ochakoff has made a *prima facie* demonstration of his typicality and adequacy, has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Mr. Ochakoff should be appointed Lead Plaintiff and his selection of Lead Counsel should be approved.

## III.    MR. OCHAKOFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese*, 589 F. Supp. 2d at 398; *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.")).

Here, Mr. Ochakoff has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 14-4. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id.* In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors – $438,340,000 – and the number of settlements – 12.[2] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## CONCLUSION

For the foregoing reasons, Mr. Ochakoff's motion should be granted in its entirety and the competing motions should be denied.

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

Dated: February 23, 2021                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            /s/ Phillip Kim
                                            Phillip Kim, Esq. (PK 9384)
                                            Laurence M. Rosen, Esq. (LR 5733)
                                            275 Madison Avenue, 40th Floor
                                            New York, New York 10016
                                            Telephone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: pkim@rosenlegal.com
                                            Email: lrosen@rosenlegal.com

                                            *[Proposed] Lead Counsel for Movant and Class*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Phillip Kim</u>