UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE H. OCHAKOFF, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA, <br><br> Defendants. | Case No. 1:20-cv-06054-RPK-CLP <br><br> Honorable Rachel P. Kovner |
| NICHOLAS PETRUZZI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA, <br><br> Defendants. | Case No. 2:21-cv-00021-RPK-CLP |

**MEMORANDUM OF LAW IN SUPPORT OF MOSET INTERNATONAL COMPANY LIMITED'S MOTION, AND IN OPPOSITION TO THE COMPETING MOTIONS, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.      PRELIMINARY STATEMENT ........................................................................... 1

II.     MOSET IS THE MOST ADEQUATE PLAINTIFF............................................ 3

        A.      Moset has the largest financial interest. ..................................................... 3

        B.      Moset satisfies the adequacy and typicality requirements of Rule 23........................ 4

III.    THE PRESUMPTION THAT MOSET IS THE MOST ADEQUATE PLAINTIFF
        CANNOT BE REBUTTED ................................................................................... 6

IV.     ALL COMPETING MOTIONS SHOULD BE DENIED ................................... 7

V.      CONCLUSION..................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Chauhan v. Intercept Pharmaceuticals*,
No. 21-cv-00036 (LJL), 2021 WL 235890 (S.D.N.Y. 2021) ..................................................... 8

*Chitturi v. Kingold Jewelry, Inc.*,
No. 20-CV-2886-LDH-SJB, 2020 WL 8225336 (E.D.N.Y. Dec. 22, 2020) ............................... 4

*Cohen v. U.S. Dist. Ct. of Cal.*,
586 F.3d 703 (9th Cir. 2009) .................................................................................................... 6

*Cullinan v. Cemtrex, Inc.*,
287 F. Supp. 3d 277 (E.D.N.Y. 2018) ...................................................................................... 4

*Foley v. Transocean, Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................. 2

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) .............................................................................................. 7

*Hom v. Vale, S.A.*,
No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ....................................... 3

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................. 6, 7

*In re Dewey & LeBoeuf LLP*,
478 B.R. 627 (Bankr. S.D.N.Y. 2012) ...................................................................................... 8

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) .............................................................................................. 5

*In re Sequans Commc'ns S.A. Sec. Litig.*,
289 F. Supp. 3d 416 (E.D.N.Y. 2018) ................................................................................... 3, 5

*In re Symbol Techs., Inc. Sec. Litig.*,
No. 05-CV-3923 (DRH)(JO), 2006 WL 1120619 (E.D.N.Y. Apr. 26, 2006) ........................... 6

*Morrissey v. William Morrow & Co.*,
739 F.2d 962 (4th Cir. 1984) .................................................................................................... 8

*Moshell v. Sasol Ltd.*,
No. 20-cv-1008 (JSR), 2020 WL 2115410 (S.D.N.Y. May 4, 2020) ....................................... 7

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014) ............................................................................................ 7

*Rauch v. Vale S.A.*,
378 F. Supp. 3d 198 (E.D.N.Y. 2019) .................................................................................... 5, 6

*Salinger v. Sarepta Therapeutics, Inc.*,
No. 19-CV-8122 (VSB), 2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019) ................................... 7

*Silverberg v. DryShips Inc.*,
No. 17-CV-4547(SJF)(ARL), 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ......................... 3

*Sofran v. LaBranche & Co.*,
220 F.R.D. 398 (S.D.N.Y. 2004) .............................................................................................. 7

**Other Authorities**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. 1, 2, 3, 6

15 U.S.C. § 78u-4(e) ................................................................................................................. 3

ii

Movant Moset International Company Limited ("Moset") submits this Memorandum of Law in support of its motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of Roche Cyrulnik Freedman LLP ("RCF") as Lead Counsel ("Motion") (ECF No. 17),[1] and in opposition to the competing motions filed by Dale H. Ochakoff ("Mr. Ochakoff") (ECF No. 13) and Chal A. Martin ("Mr. Martin") (ECF No. 15).[2]

## I.    PRELIMINARY STATEMENT

All parties support consolidation of the Related Actions. *See* ECF Nos. 12, 13, 15, 17. And Moset is the presumptive Lead Plaintiff in this Action by virtue of his demonstrative adequacy and the $77,158 loss it incurred on its Class Period purchases of Qiwi, which is more than *8x* the loss of Mr. Ochakoff.[3] Moset's large financial interest, along with its *prima facie* showing of adequacy and typicality, qualifies it as the "most adequate plaintiff" to lead the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).[4]

In support of Moset's adequacy and typicality, Moset's sole owner, Ramón Óscar Parra Moreno ("Mr. Moreno"), provided a declaration attesting that, due to its substantial losses, Moset is "motivated to seek the best possible result for itself and the proposed class," and if appointed as Lead Plaintiff, "will monitor and direct the efforts and activities of proposed Lead Counsel to ensure that the litigation is handled efficiently." *See* ECF No. 20-3, ¶¶3, 6. In addition, since corporations must act through natural persons, Moset's sole owner provided a sworn declaration providing detailed information about its his history. *Id*. at ¶2. Specifically, Mr. Moreno swore he

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed in Moset's Memorandum of Law in support of the Motion (ECF No. 19).

[2] On February 22, 2021, Mr. Martin filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions. *See* ECF No. 21.

[3] *See infra* comparison of competing movants' financial interests, § II.A.

[4] Unless otherwise noted, all emphasis has been added and internal citations have been omitted.

is highly educated having received "a technical engineering degree and a Master of Business Administration," that he has extensive experience in managing securities as he has "been investing in securities markets for approximately 20 years," and that he has extensive business savvy and the ability to oversee others as he is the "General Manager of an international ceramic tile company." *Id*. Moset is free of conflict as its purpose is to serve as the vehicle through which Mr. Moreno manages the investment in Qiwi stock. Furthermore, Moset has demonstrated its adequacy by "after careful consideration" (that involved himit having "negotiated a cap of less than the standard 33 1/3% in attorney's fees) selecting RCF, a firm with extensive experience and expertise in securities fraud and other class actions, as proposed Lead Counsel. *See* ECF Nos. 19 (§ IV.C.), 20-3 at ¶9, 20-4. Finally, to the extent the Court would like to hear additional information about Moset or Mr. Moreno, Moset has stated it "is willing to provid[e] testimony at deposition . . ." (ECF No. 20-1 at ¶5) and Mr. Morena has likewise stated he "has personal knowledge of the facts . . . relating to my activities, actions and beliefs, and would testify competently thereto." ECF No. 20-3 at ¶1.

Accordingly, Moset has exceeded the requirements triggering the strong presumption that it is the "most adequate plaintiff." *See* 15 U.S.C § 78u-4(a)(3)(B)(iii)(II). Under the PSLRA, this presumption that Moset is the most adequate can only be rebutted "upon ***proof***" – record evidence – that Moset is inadequate or atypical. *Id*. No such "proof" exists, and mere speculation or innuendo is insufficient to rebut the presumption. *See, e.g., Foley v. Transocean, Ltd.,* 272 F.R.D. 126, 131-33 (S.D.N.Y. 2011) (rejecting challenge founded on speculation as the lead plaintiff presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality). Accordingly, Moset's Motion should be granted in its entirety and the sole competing motion should be denied.

## II.   MOSET IS THE MOST ADEQUATE PLAINTIFF

Moset, owned and controlled by a highly-educated sophisticated investor with twenty years of investing experience has the largest loss, no conflicts, and is the presumptive Lead Plaintiff under the PSLRA.

### A.   Moset has the largest financial interest.

"The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method.'" *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016). Thus, in assessing the largest financial interest, the Court generally considers: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Silverberg v. DryShips Inc.*, No. 17-CV-4547(SJF)(ARL), 2018 WL 10669653, at *4 (E.D.N.Y. Aug. 21, 2018). The approximate losses suffered is considered "the most important" factor. *Id.*; *see also In re Sequans Commc'ns S.A. Sec. Litig.,* 289 F. Supp. 3d 416, 420 (E.D.N.Y. 2018) (determining financial interest based primarily on approximate losses suffered).

Of the competing movants, Moset has the largest financial interest in this Action by virtue of the $77,158 it incurred on its Class Period purchases of Qiwi securities.[5] Specifically, Moset's

---

[5] Damages are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated; *or* (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e). Since the 90-day period is still ongoing (ends March 10, 2021), damages have been updated based on average trading price as of the date of filing this memorandum, *i.e.* February 23, 2021, for movants Moset and Mr. Ochakoff, who have not sold their shares.

loss is at least **8x** the loss of any of the other movants. *See* ECF Nos. 14-3, 18-1, 20-2. As demonstrated by the chart below, no other movant has a financial interest greater than Moset based on *any* of the four factors identified above:

| Movant | Shares Purchased | Retained Shares | Net Funds Expended | Approximate Losses |
|---|---|---|---|---|
| Moset | 8,060 | 8,060 | $162,570.20 | $77,158 |
| Mr. Ochakoff | 1,400 | 1,400 | $23,672.24 | $8,836 |
| Mr. Martin | ~~700~~ | ~~700~~ | ~~$10,255~~ | ~~$2,548~~ |

As such, Moset is the movant with the "largest financial interest" in the litigation, is the most incentivized to act as a vigorous advocate on behalf of the Class, and is therefore the presumed Lead Plaintiff under the PSLRA.

> **B.   Moset satisfies the adequacy and typicality requirements of Rule 23.**

In addition to demonstrating the largest financial interest, Moset has made a preliminary showing of its typicality and adequacy "otherwise satisf[ing] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

First, Moset's claims are typical of, if not identical to, the claims of the other Class members. "Typicality is satisfied where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *Chitturi v. Kingold Jewelry, Inc.,* No. 20-CV-2886-LDH-SJB, 2020 WL 8225336, at *5 (E.D.N.Y. Dec. 22, 2020); *see also Cullinan v. Cemtrex, Inc.,* 287 F. Supp. 3d 277, 288 (E.D.N.Y. 2018).

Moset, like the other members of the Class, acquired Qiwi securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and Moset was damaged when the truth was revealed. As such, Moset suffered losses similar to those of other Class members, and its losses resulted from Defendants' common course of wrongful conduct.

4

Second, Moset has met the requirement to fairly and adequately protect the interest of the putative Class. In determining the adequacy of a lead plaintiff, the Court considers: "(1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Rauch v. Vale S.A.,* 378 F. Supp. 3d 198, 210 (E.D.N.Y. 2019); *see also In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 121 (E.D.N.Y. 2012) ("[T]here is no evidence that LACERS' interest would in any way conflict with those of other class members. They have a significant financial stake in the outcome of this litigation, and this will motivate their vigorous pursuit of recovery for all other class members. Finally, LACERS has retained competent counsel ... to assist them in zealously pursuing the claims of all class members."); *In re Sequans Commc'ns,* 289 F. Supp. 3d at 423 (finding adequacy where "[n]othing about their interests appears to be antagonistic to the interests of the other class members; this appears to be a fairly common class action based on alleged violations of the Exchange Act where class members are relying on the same statements or omissions as the factual basis of their claims, and where the financial losses are tied to the drop in value that occurred after a specific statement or omission took place").

As demonstrated *supra*, Moset has a significant interest in the outcome of this litigation, which is a class action where the Class members are relying on the same statements and omissions by Defendants. Furthermore, Moset is unaware of any conflict between its interests and the interests of the Class.

In addition, Moset selected and retained RCF as its proposed Lead Counsel for the Class only after careful consideration and negotiation of a retention agreement, including a cap of the

5

attorney's fees on behalf of the proposed Class. *See* ECF No. 20-3, ¶ 9; *see also Cohen v. U.S. Dist. Ct. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)) (considering "the process through which the lead plaintiff selected its candidates for and final choice of lead counsel"). With significant experience litigating complex securities class actions, RCF is well suited to prosecute this litigation. *See* ECF No. 20-4; *see also* Opinion & Order, *Burnham v. Qutoutiao Inc. et al.,* No. 1:20-cv-06707 (SHS) (S.D.N.Y. Nov. 4, 2020), ECF No. 22 (appointing RCF to serve as sole lead counsel in the securities fraud class action alleging §§ 10(b) and 11 claims upon finding that "its attorneys appear appropriately 'qualified, experienced, and generally able to conduct the litigation.'"); *Rauch,* 378 F. Supp. 3d at 210 (finding adequacy requirement satisfied where movant was represented by a firm "which has submitted a firm resume detailing its experience as lead counsel in securities actions across the United States"); *In re Symbol Techs., Inc. Sec. Litig.,* No. 05-CV-3923 (DRH)(JO), 2006 WL 1120619, at *3 (E.D.N.Y. Apr. 26, 2006) ("The Pension Fund's counsel ... has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively.").

Finally, beyond selecting highly qualified counsel, Mr. Moreno, Moset's owner, has the sophistication and willingness necessary to effectively oversee counsel in this case, and he has committed to doing so. *See* ECF No. 20-3, ¶ 7 ("I will, among other things, review pleadings and motion papers, obtain regular status reports on the progress of the litigation, participate in discovery, and have input into litigation decisions, including settlement negotiations."). These facts satisfy the adequacy requirement.

## III.   THE PRESUMPTION THAT MOSET IS THE MOST ADEQUATE PLAINTIFF CANNOT BE REBUTTED

Possessing the greatest financial interest in this litigation and having made a *prima facie*

6

showing of adequacy and typicality pursuant to Rule 23, Moset is presumptively the most adequate plaintiff pursuant to the PSLRA. To overcome the presumption that Moset should be appointed as Lead Plaintiff, the PSLRA requires competing movants to offer ***proof*** that Moset is atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *5 (S.D.N.Y. Dec. 17, 2019) (proof is required to rebut presumption of adequacy); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) ("the PSLRA requires 'actual proof' that the presumptive lead plaintiffs are inadequate representatives of the class or subject to unique defenses") (citing *In re Cendant,* 264 F.3d at 269).

No such proof exists. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [presumptive lead plaintiff] ***might*** be subject to a later attack by Defendants") (emphasis in original); *see also Moshell v. Sasol Ltd.*, No. 20-cv-1008 (JSR), 2020 WL 2115410, at *2-*3 (S.D.N.Y. May 4, 2020) (finding that speculative arguments did not rebut presumption of most adequate plaintiff).

## IV.    ALL COMPETING MOTIONS SHOULD BE DENIED

None of the competing movants possesses a financial interest that is larger than Moset, *see supra* at II.A., and there is no proof to rebut the presumption established by Moset's largest loss, *see supra* at III. Accordingly, the competing motions should be denied. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 403 (S.D.N.Y. 2004).

Furthermore, in stark contrast to Moset's owner's declaration providing a sworn statement giving a detailed account about his educational background, his work experience, and his securities investing experience, the only remaining competing movant, Mr. Ochakoff, provided no sworn testimony about his educational background, work history, or investing experience. Instead, his

7

counsel, in an unsworn motion, simply asserted that he has "50 years of investing experience. He is retired and was employed by the State of Florida in probation and parole." ECF No. 14-0, at 8. Counsel's non-evidentiary unsupported statement shouldn't be taken into account when determining this motion. *Chauhan v. Intercept Pharmaceuticals*, No. 21-cv-00036 (LJL), 2021 WL 235890, at *6 (S.D.N.Y. 2021) (requiring "proof" and not "speculation" to rebut presumption of adequacy); *see In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 636 (Bankr. S.D.N.Y. 2012) ("But argument is not evidence"); *Morrissey v. William Morrow & Co.*, 739 F.2d 962, 967 (4th Cir. 1984) ("[a]rgument of counsel is not evidence."). Furthermore, even at face value, this paltry statement provides essentially no information about Mr. Ochakoff.

Indeed, in addition to providing detailed information about its owner's background, Moset has demonstrated it will be a superior Lead Plaintiff by taking the initiative to have its owner submit a separate declaration committing to (i) oversee counsel, (ii) attend meetings, (ii) monitor the litigation to ensure its "handled efficiently," (iv) "review pleadings and motions papers," (v) participate in discovery, being available "on an emergency basis" and to undertake numerous other duties and responsibilities. *See* ECF No. 20-3.

Mr. Ochakoff submitted nothing.

## V.   CONCLUSION

For the reasons set forth above and in its opening motion papers, Moset respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Moset as Lead Plaintiff; (3) approve Moset's selection of RCF as Lead Counsel for the putative Class; and (4) deny all competing motions for appointment as Lead Plaintiff.

DATED: February 23, 2021

Respectfully Submitted,

**ROCHE CYRULNIK FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides
Velvel (Devin) Freedman (*pro hac vice* forthcoming)
Ivy T. Ngo (*pro hac vice* forthcoming)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Emails:  ceconomides@rcfllp.com
        vel@rcfllp.com
        ingo@rcfllp.com

*Counsel for Movant Moset International Company
Limited and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Movant Moset International
Company Limited*

9

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 23, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Constantine P. Economides*
Constantine P. Economides
