UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DALE H. OCHAKOFF,

                      Plaintiff,           **MEMORANDUM AND ORDER**

       -against-                                        20 CV 6054 (RPK)(CLP)

QIWI, PLC, *et al.*,

                      Defendants.
------------------------------------------------------------ X
NICHOLAS PETRUZZI,

                      Plaintiff,           **MEMORANDUM AND ORDER**

       -against-                                        21 CV 0021 (RPK)(CLP)

QIWI, PLC, *et al.*,

                      Defendants.
------------------------------------------------------------ X

**POLLAK**, Chief United States Magistrate Judge:

       On December 11, 2020, plaintiff Dale H. Ochakoff, individually and on behalf of all other similarly situated persons, brought this securities class action against defendants Qiwi PLC, Boris Kim, Sergey Solonin, Alexander Karavaev, and Varvara Kiseleva to recover compensable damages caused by alleged violations of the federal securities laws under the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

       On February 9, 2020, plaintiff Ochakoff brought a motion to consolidate the related actions; to appoint Ochakoff as lead plaintiff; and to select The Rosen Law Firm, P.A., as lead counsel for the litigation.  (ECF Nos. 13, 14).  Also on February 9, 2020, movant Chal A. Martin ("Martin") moved to consolidate the related actions; appoint Martin as lead plaintiff; and select Pomerantz LLP as lead counsel for the litigation.  (ECF Nos. 15, 16).  Again, on February 9,

1

2020, movant Moset International Company Limited ("Moset") filed a motion to consolidate the related actions; appoint Moset as lead plaintiff; and select Roche Cyrulnik Freedman LLP as lead counsel for the litigation. (ECF No. 16, 17).

On February 22, 2020, Martin filed a notice of non-opposition to the competing motions for consolidation, appointment as lead plaintiff, and approval of lead counsel, noting that Martin did "not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." (ECF No. 21).

On March 2, 2020, plaintiff Ochakoff filed a notice of non-opposition to Moset International Company Limited becoming lead plaintiff and approving Moset's counsel, Roche Cyrulnik Freedman LLP, as lead counsel. (ECF No. 25). Also on March 2, 2020, Moset filed a notice regarding its motion to approve it as lead plaintiff and approve its counsel as lead counsel. (ECF No. 26). In that notice, Moset argues that, although Martin has not filed a non-opposition notice to Moset being appointed lead plaintiff, Martin has "effectively withdrawn his motion" by filing a non-opposition notice to the competing motions for consolidation, appointment as lead plaintiff, and approval of lead counsel, recognizing that he does not have the largest financial interest. (Id. (citing Brady v. Top Ships Inc., 324 F. Supp. 3d 335, 342 (E.D.N.Y. July 20, 2018) (finding that lead plaintiff movants who filed notices of non-opposition to competing motions "effectively withdr[ew]" their own motions); Chitturi v. Kingold Jewelry, Inc., No. 20 CV 2886, 2020 WL 8225336, at *7 (E.D.N.Y. Dec. 22, 2020) (finding competing motion "denied as moot in light of his notice of non-opposition")).

On April 9, 2021, the Honorable Rachel P. Kovner referred to the undersigned the movants' three motions to consolidate the cases, appoint counsel, and appoint lead plaintiff. The Court Orders that the actions be consolidated, that Moset be appointed as lead plaintiff, and that

2

Roche Freedman LLP[1] be approved as lead counsel.

DISCUSSION

I. Consolidation

Turning first to the motions to consolidate, Rule 42(a) of the Federal Rules of Civil Procedure sets the standard for determining whether two or more cases should be consolidated – namely, do they "involve a common question of law or fact." Under Rule 42(a), a court may order consolidation for different purposes, to be determined based on the needs of the case. Among other things, a court may order consolidation of matters for discovery only, see Baughman v. Pall Corp., 250 F.R.D. 121, 125 (E.D.N.Y. 2008), or for a hearing or trial. Fed. R. Civ. P. 42(a). Consolidation of cases due to common questions of fact or law "is favored 'to avoid unnecessary costs or delay,'" Jacobs v. Castillo, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009), and has been described "as a valuable and important tool of judicial administration." Devlin v. Trans. Communications Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted).

In determining whether to order consolidation, courts must consider: 1) whether the specific risks of prejudice and possible confusion arising from consolidation are outweighed by the risk of inconsistent adjudications of common factual and legal issues which may occur if the actions are litigated separately; 2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; 3) the length of time required to conclude multiple suits as against a single one; and 4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. Ruane v. County of Suffolk, 923 F. Supp. 2d 453, 461 (E.D.N.Y. 2013) (citing

---

[1] Since Jason Cyrulnik is no longer associated with the firm, the firm changed its name from Roche Cyrulnik Freedman LLP to Roche Freedman LLP. (ECF No. 19, n. 1).

3

Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990) (internal quotation marks and brackets omitted).  Moreover, the PSLRA allows for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. §78u-4(a)(3)(A)(ii).

Here, all three movants seek to consolidate the case.  No one has opposed consolidation of this case, Ochakoff v. Qiwi PLC, et al., 20-CV-6054, with its related case, Petruzzi v. Qiwi PLC, et al., 21-CV-0021.  Moreover, a comparison of the allegations in the two complaints in these related cases makes it clear that the actions "present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants."  (ECF No. 19 at 4; see also ECF Nos. 1 in 21-CV-6054 and 21-CV-0021).  See, e.g., Jacobs v. Castillo, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (holding that "[c]onsolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, [and] motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law").  Not only will consolidation preserve judicial resources, but the three movants' agree that consolidation is appropriate, suggesting that there will not be any prejudice to the parties or confusion as a result of consolidation.

Accordingly, the Court Orders that these two related cases be consolidated for all purposes.

## II. Motions to Appoint Lead Plaintiff and Lead Counsel

Under the PSLRA, there exists a rebuttable presumption that the most adequate plaintiff to appoint as lead plaintiff is the person or group that has filed a complaint or moved in response to a notice, has the largest financial interest in the relief sought by the class, and satisfies Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  The presumption is rebutted "only upon proof by a

4

member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  The PSLRA also provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).  However, when necessary "to protect the interests of the class," 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa), the Court may interfere with the selection of lead counsel.  See, e.g., Weltz v. Lee, 199 F.R.D. 129, 134 (S.D.N.Y. 2001).

In seeking appointment as lead counsel, Moset avers that it is "the most adequate plaintiff" because it is "the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Indeed, Moset alleges it suffered substantial losses of $78,359.  (ECF No. 19 at 5).  By comparison, Martin claims losses of only $2,548, and Ochakoff claims losses of $9,154.  Given the non-opposition filed by Martin, which recognized that he does not have the largest financial stake in this action, the non-opposition notice filed by Ochakoff to Moset's appointment as lead plaintiff, and the fact that Moset otherwise satisfies the requirements of Rule 23, see, e.g., Chilton v. Chiumento Grp., 365 F. App'x 298, 299 (2d Cir. 2010), the Court grants the request to appoint Moset as lead plaintiff.

The Court further Orders that Roche Freedman LLP be appointed lead counsel.  Under the PSLRA, the lead plaintiff may select and retain lead counsel, subject to court-approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." Jakobsen v. Aphria, Inc., No. 18 CV 11376, 2019 WL 1522598, at *5 (S.D.N.Y. March 27, 2019).  Here, Roche Freedman's "resume indicates that it has extensive experience in the field of securities litigation, and that it has

5

successfully prosecuted numerous securities fraud class actions," Lundy v. Ideanomics, Inc., No. 20 CV 4944, 2020 WL 7389027, at *4 (S.D.N.Y. Dec. 16, 2020) (citing Topping v. Deloitte Touche Tohmatsu CPA, 95 F. Supp. 3d 607, 624 (S.D.N.Y. 2015)).  Having reviewed Roche Freedman LLP's firm resume and considering the number of securities class actions in which they have participated or represented lead counsel, the Court finds that the class interests will be protected and therefore approves of the firm as lead counsel.

## CONCLUSION

Accordingly, the Court grants the motions to consolidate and appoints Moset as lead plaintiff and Roche Freedman LLP as lead counsel.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 20, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York

6