**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re QIWI PLC SECURITIES LITIGATION | Master File No.: 1:20-cv-06054-RPK-CLP |
| This Document Relates To : <br><br> ALL ACTIONS. |  |

**NOTICE OF MOTION AND MOTION FOR LEAVE**
**<u>FOR ALTERNATIVE SERVICE</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Lead Plaintiff Moset International Company Limited ("Plaintiff") hereby moves this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3), for leave for alternative service upon Defendants Alexander Karavaev ("Karavaev"), Varvara Kiseleva ("Kiseleva"), Vladislav Poshmorga ("Poshmorga"), and Pavel Korzh ("Korzh") (collectively, "Unserved Defendants") in the above-captioned action.

This Motion is made on the grounds that alternative service is appropriate under Rule 4(f)(3). Plaintiff, through counsel, has undertaken diligent efforts to locate and serve the Unserved Defendants. Plaintiff has, among other things, expended significant resources searching through corporate records, social media accounts, websites, blog posts, interviews, government registries, business addresses, and residential addresses both in the United States and abroad. Plaintiff has attempted to serve Defendants Poshmorga and Karavaev at addresses identified in the United States and attempted to also serve Defendant Karavaev in Cyprus through the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). In addition, Plaintiff engaged an investor to assist in its efforts to locate and serve Defendant Korzh. However, despite identifying addresses for Defendants Poshmorga, Kiseleva and Korzh in Russia, Plaintiff is unable to request service pursuant to the Hague Convention due to the Russian Federation's unilateral suspension of compliance.

As such, despite these diligent efforts, Plaintiff has been unable to effectuate service on the Unserved Defendants, and any success will likely only come after unreasonable delay. Further, Plaintiff's proposed means of alternative service do not violate the Hague Convention or

international law, and comport with constitutional notions of due process, as the proposed methods will fairly apprise the Unserved Defendants of the above-captioned Action.

In support of this Motion, Plaintiff relies on this Notice of Motion, the Memorandum of Law in Support Thereof, the Declaration of Ivy T. Ngo filed herewith, the exhibits attached thereto, and such other written and oral arguments as may be requested or permitted by the Court.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant it leave for alternative service upon the Unserved Defendants and grant such other and further relief as the Court may deem just and proper.

DATED: February 25, 2022

Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
Constantine P. Economides
1 SE 3rd Ave.
Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900
Emails:  ingo@rochefreedman.com
         vel@rochefreedman.com
         ceconomides@rochefreedman.com

*Counsel for Lead Plaintiff Moset Int'l Co. Ltd and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Moset Int'l Co. Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on February 25, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Ivy T. Ngo*
Ivy T. Ngo