|  |  |
|---|---|
| In re QIWI PLC SECURITIES LITIGATION | Master File No.: 1:20-cv-06054-RPK-CLP |
| This Document Relates To :<br><br>ALL ACTIONS. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR LEAVE FOR ALTERNATIVE SERVICE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................................ii

I. PRELIMINARY STATEMENT.......................................................................................1

II. BACKGROUND..................................................................................................................2

III. ARGUMENT........................................................................................................................6

    A. Plaintiff has undertaken extensive steps to serve Defendants. ................................8

    B. The proposed means of alterative service are not prohibited by international agreement or law and comport with due process. ..................................................10

IV. CONCLUSION ................................................................................................................17

**Cases**

*Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*,
 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018) ........................................................................9

*Advanced Aerofoil Techs., AG v. Todaro*,
 2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) ...........................................................................7

*Allstar Mktg. Grp., LLC v. Aoyatex Co.*,
 2021 WL 3501011 (S.D.N.Y. Aug. 9, 2021) ....................................................................11, 14

*Altos Hornos de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*,
 2015 WL 6437384 (S.D.N.Y. Oct. 19, 2015) ........................................................................7

*Arista Records LLC v. Media Servs. LLC,*
 2008 WL 563470 (S.D.N.Y. Feb. 25, 2008) ...........................................................................9

*Berluti SA v. Berlutishoeoutlet.com,*,
 2020 WL 6078055 (S.D. Fla. Apr. 9, 2020) ....................................................................13, 14

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*,
 2014 WL 1331046 (S.D.N.Y. Mar. 31, 2014) ........................................................................9

*Brown v. China Integrated Energy, Inc.,*
 285 F.R.D. 560 (C.D. Cal. 2012) ..........................................................................................13

*Convergen Energy LLC v. Brooks*,
 2020 WL 4038353 (S.D.N.Y. July 17, 2020) .........................................................................7

*Cunningham v. Gen. Motors LLC*,
 2020 WL 4748157 (S.D.N.Y. Aug. 17, 2020) ......................................................................14

*F.T.C. v. PCCare247, Inc.*,
 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) ....................................................................11, 15

*F.T.C. v. Pecon Software Ltd.*,
 2013 WL 4016272 (S.D.N.Y. Aug. 7, 2013) ........................................................................13

*Gurung v. Malhotra,*
 279 F.R.D. 215 (S.D.N.Y. Nov. 22, 2011) .......................................................................13, 15

*Hardin v. Tron Found.*,
 2020 WL 5236941 (S.D.N.Y. Sept. 1, 2020) ...................................................................11, 15

*Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC,*
 2013 WL 1644808 (W.D. Pa. Apr. 16, 2013) .......................................................................12

*In GLG Life Tech. Corp. Sec. Litig.*,
287 F.R.D. 262 (S.D.N.Y. 2012)................................................................................13

*In re Bibox Group Holdings Ltd. Sec. Litig.*,
2020 WL 4586819 (S.D.N.Y. Aug. 10, 2020) .....................................................passim

*Jian Zhang v. Baidu.com Inc.*,
293 F.R.D. 508 (S.D.N.Y. 2013)............................................................................7, 8

*Kaneka Corp. v. Purestart Chem Enter. Co.*,
2017 WL 11509784 (E.D.N.Y. Oct. 17, 2017) ........................................................10

*Mattel, Inc. v. Animefun Store,*
2020 WL 2097624 (S.D.N.Y. May 1, 2020) ............................................................14

*Microsoft Corp. v. Does 1–18*,
2014 WL 1338677 (E.D.Va. Apr. 2, 2014) ..............................................................12

*Newmont USA Ltd. v. Imatech Systs. Cyprus Pty Ltd.*,
2019 WL 321944 (D. Nv. July 7, 2019)...............................................................11, 12

*Nurlybaev v. ZTO Express (Cayman) Inc.,*
2018 WL 11222556 (Apr. 6, 2018) ............................................................................7

*Oscilloscope Pictures v. Monbo*,
2019 WL 2436296 (E.D.N.Y. Feb. 22, 2019) ......................................................11, 15

*Paushok v. Ganbold*,
487 F. Supp. 3d 243 (S.D.N.Y. 2020) .................................................................10, 11

*Peifa Xu v. Gridsum Holding Inc.,*
2020 WL 1508748 (S.D.N.Y. Mar. 30, 2020)............................................................8

*Philip Morris USA Inc. v. Veles Ltd.*,
2007 WL 725412 (S.D.N.Y. Mar. 12, 2007)............................................................13

*Rio Props., Inc. v. Rio Intern. Interlink*,
284 F.3d 1007 (9th Cir. 2002)...................................................................................7

*S.E.C. v. Anticevic*,
2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) .........................................................7, 15

*S.E.C. v. Lines*,
2009 WL 2431976 (Aug. 7, 2009) .........................................................................7, 9

*S.E.C. v. Lines*,
2009 WL 3179503 (S.D.N.Y. Oct. 2, 2009)................................................................9

*S.E.C. v. Nnebe*,
2003 WL 402377 (S.D.N.Y. Feb. 21, 2003) ...........................................................................9

*S.E.C. v. Shehyn*,
2008 WL 6150322 (S.D.N. Y Nov. 26, 2008) .........................................................................8

*ShelterZoom Corp. v. Goroshevsky*,
2020 WL 4252722 (S.D.N.Y. July 23, 2020)........................................................................11

*Smart Study Co. v. Beijing Longteng Yunqi Trade Co.*,
2021 WL 2737392 (S.D.N.Y. July 1, 2021)..........................................................................14

*Smith v. Islamic Emirate of Afg.*,
2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001) .......................................................................15

*Smith v. Wolf Performance Ammunition*,
2015 WL 315891 (D. Nev. Jan. 23, 2015) ............................................................................12

*Stream SICAV v. Wang*,
989 F. Supp. 2d 264 (S.D.N.Y. 2013) ...................................................................................13

*U.S. v. Besneli*,
2015 WL 4755533 (S.D.N.Y. Aug. 12, 2015). ...............................................................7, 8, 15

*Ultra Recs., LLC v. Chee Yee Teoh*,
2017 WL 1753485 (S.D.N.Y. Apr. 18, 2017) .....................................................................9, 11

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) .................................................................................................................8

*Wei Su v. Sotheby's, Inc.*,
2018 WL 4804675 (S.D.N.Y. Oct. 3, 2018).............................................................................6

*Xiaoyuan Zhang v. Valaris plc*,
2021 WL 982460 (S.D.N.Y. Mar. 16, 2021)............................................................................7

**Other Authorities**

Fed. R. Civ. P. 4(f)(3) ...................................................................................................passim

Lead Plaintiff Moset International Company Limited ("Plaintiff") respectfully submits this memorandum of law in support of its motion for service of process by alternative means, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, on Defendants Alexander Karavaev ("Karavaev"), Varvara Kiseleva ("Kiseleva"), Vladislav Poshmorga ("Poshmorga") and Pavel Korzh ("Korzh") (collectively, "Unserved Defendants"), named in the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("CAC") (ECF No. 30).[1]

## I.      PRELIMINARY STATEMENT

Although Plaintiff successfully served Defendants Qiwi plc ("Qiwi") and three of its executives, (*see* ECF Nos. 8-9, 11, 36-37, 50), four former high-level officers of Qiwi have not appeared in this Action. Instead, they have leveraged their predominately online and/or foreign operations to avoid public tracing—and, by extension, service—and have hidden behind the shield of nearly impenetrable international service in the county in which they are located.

Service of process is intended to fairly apprise a defendant of a pending action and the claims against them. It is not meant to be a game of "cat and mouse," whereby individuals or entities take advantage of American markets and investors—as the CAC alleges the Unserved Defendants have done—and then seek to skirt liability by evading service.

As described below, Plaintiff, through its counsel, has undertaken exhaustive efforts to serve the Unserved Defendants. Plaintiff has, among other things, expended significant resources searching through corporate records, social media accounts, websites, blog posts, interviews, government registries, business addresses, and residential addresses both in the United States and abroad. Plaintiff has attempted to serve Defendants Poshmorga and Karavaev at addresses

---

[1] Unless otherwise noted, all emphasis has been added, internal citations have been omitted, and capitalized terms used herein shall have the meaning ascribed to them in the CAC.

identified in the United States and attempted to also serve Defendant Karavaev in Cyprus through the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). In addition, Plaintiff engaged an investigator to assist in the search to locate and serve Defendant Korzh. Further, service on Unserved Defendants in Russia through the Hague Convention is not possible because Russia has suspended service of process under the Hague Convention. As such, notwithstanding these diligent efforts, Plaintiff has been unable to effectuate service on the Unserved Defendants.

Plaintiff now seeks to complete service on the Unserved Defendants through alternative means pursuant to Rule 4(f)(3). The Unserved Defendants should no longer be permitted to avoid responding to the claims brought against them in this District. The proposed means (service *via* corporate portals, website publication, and/or social media) are not prohibited by international agreement or law, and comport with due process requirements, and therefore, are routinely authorized in this District. Moreover, the proposed means of alternative service will provide the Unserved Defendants, former high-level officers of Qiwi, with reasonable notice of the pendency of this lawsuit and permit this case to proceed efficiently. Absent alternative service, these Unserved Defendants—who made false and misleading statements to investors throughout the Class Period—will delay the redress Plaintiff and the Class seek for Defendants' misconduct.

As such, Plaintiff respectfully requests that its motion be granted in its entirety.

## II. BACKGROUND

On December 11, 2020, Dale H. Ochakoff filed a Class Action Complaint for Violations of the Federal Securities Laws against Qiwi, Boris Kim ("Kim"), Sergey Solonin ("Solonin"), Karavaev and Kiseleva. *Ochakoff v. Qiwi plc et al.,* No. 20-cv-06054-RPK-CLP (E.D.N.Y.) (ECF No. 1) ("*Ochakoff*").

On January 4, 2021, Nicholas Petruzzi filed a Class Action Complaint for Violations of the Federal Securities Laws against Qiwi, Kim, Solonin, Karavaev and Kiseleva. *Petruzzi v. Qiwi plc et al.,* No 21-cv-00021-SFK-AKT (E.D.N.Y.) (ECF No. 1) ("*Petruzzi*"; together with *Ochakoff*, "Related Actions").

On January 4, 2021, Mr. Ochakoff filed with the Court, Proof of Service on Defendant Qiwi on December 21, 2020. ECF No. 5. Then, on January 11, 2021, the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") entered an appearance on behalf of Defendant Qiwi. *See* ECF Nos. 8, 9 and 11.

On February 9, 2021, Mr. Ochakoff, Chal A. Martin, and Plaintiff each timely filed a Motion for Consolidation of the Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel. ECF Nos. 13, 15, 17.

On May 20, 2021, the Court consolidated the Related Actions, appointed Plaintiff to serve as Lead Plaintiff, and approved Roche Freedman LLP ("Roche Freedman") as Lead Counsel for the Class. *See* ECF No. 27.

On July 9, 2021, Plaintiff filed the CAC on behalf of itself and a proposed class consisting of all persons or entities who purchased or otherwise acquired Qiwi securities between November 14, 2018, and December 9, 2020, inclusive (the "Class Period"). *See* ECF No. 30. The CAC alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, against Qiwi, Kim, Solonin, Andrey Protopopov ("Protopopov"), Karavaev, Kiseleva, Poshmorga, and Korzh. *Id.*

On July 9, 2021, Plaintiff filed new Summons in a Civil Action for the Defendants not previously named in the Related Actions. ECF Nos. 30-1, 30-2, 30-3.

After being appointed as Lead Plaintiff, Plaintiff began its exhaustive investigation to locate and serve each of the Defendants not yet served. *See* Declaration of Ivy T. Ngo ("Ngo Decl.") ¶ 8. On September 17, 2021, Skadden appeared on behalf of defendant Andrey Protopopov. ECF Nos. 36-37; *see also* Ngo Decl. ¶¶ 10-12. On October 12, 2021, Skadden confirmed that they would also be representing Kim and Solonin in this action. ECF No. 50; *see also* Ngo Decl. ¶¶ 14-16. Notably, counsel representing Qiwi, Protopopov, Kim and Solonin, did not accept service of the CAC on behalf of the Unserved Defendants. Ngo Decl. ¶ 15.

Despite its extensive investigation, Plaintiff was unable to locate a personal address for the Unserved Defendants, no such addresses were found to be publicly available. *Id.* at ¶ 16. Plaintiff's efforts, however, did yield other addresses, associated with the Unserved Defendants. *See id.*

First, Plaintiff identified that Defendant Poshmorga is currently serving as the Chief Investment Officer at SDVentures. *Id.* at ¶ 17. Plaintiff engaged a process server to serve Defendant Poshmorga at the office of SDVentures, located at 55 East 59th Street, New York, NY 10022. *Id.* Despite multiple attempts, service at this location was unsuccessful. *Id.* at ¶ 18.

While SDVentures also has an office in Moscow, in July 2003, the Russian Federation unilaterally suspended all judicial cooperation with the United States in civil and commercial matters, refusing to serve letters of request from the United States for service of process presented under the Hague Convention. *Id.* at ¶ 19. Therefore, despite knowing a potential address in Russia associated with Defendant Poshmorga, Plaintiff is unable to request service pursuant to the Hague Convention. *Id.*

Second, Plaintiff identified that Defendant Karavaev is currently serving as the Chief Financial Officer for Nexters Inc. ("Nexters"). *Id.* at ¶ 20. As a publicly traded company with its shares listed on the Nasdaq, Nexters is required to make certain public filings with the U.S.

Securities and Exchange Commission. *Id.* Provided in its public documents, Nexters lists Puglisi & Associates as its U.S. registered agent and J. David Stewart, Esq. as legal counsel for the company. *Id.* at ¶21. On October 13, 2021, Plaintiff contacted J. David Stewart regarding acceptance of service on behalf of Defendant Karavaev but did not receive a response. *Id.* at ¶ 22.

On October 21, 2021, Plaintiff engaged a process server to effectuate service on Defendant Karavaev at the office of Nexters' U.S. registered agent. *Id.* at ¶ 23. On October 25, 2021, Defendant Karavaev was properly served through Nexters' registered agent located at 850 Library Ave, Suite 204, Newark, Delaware 19711. *See* ECF No. 49.

While counsel for the Defendants that have appeared in the Action claims not to represent Defendant Karavaev, Skadden contacted Plaintiff's counsel on November 8, 2021, to discuss the sufficiency of service attested to on November 5, 2021. Ngo Decl. ¶ 24. In an abundance of caution, following communications with Skadden, on November 19, 2021, Plaintiff submitted a Hague Request for service on Defendant Karavaev at Nexters' principal executive offices located at 125 Athalassas Avenue, 1461 Nicosia, Cyprus. *Id.* at ¶¶ 25-27. The Hague Request was signed for and delivered to the Central Authority of Cyprus on November 24, 2021. *Id*. at ¶ 28. However, the Hague Request was denied based on the Cyprus Central Authority's interpretation of the Hague Convention as requiring requests to be sent through the U.S. Central Authority. *Id.*

Next, Plaintiff identified that Defendant Kiseleva currently serves as the Director of Capital Markets at Cian (or Cyan) Group, with its primary office located at Street Electrozavodskaya 27, Building 8, Room I, Floor 5, Moscow, Russia, 107023. *Id*. at ¶ 29. However, as discussed previously, because Russia has suspended compliance with the Hague Convention, Plaintiff is unable to effectuate service under the Hague Convention on Defendant Kiseleva. *Id*. at ¶ 30.

Lastly, despite Plaintiff's diligent efforts, it was unable to locate any addresses associated with Defendant Korzh. *Id.* at ¶ 31. Therefore, on October 13, 2021, Plaintiff engaged an investigator to assist with locating and serving Defendant Korzh. *Id.* As a result, on October 21, 2021, Plaintiff learned of a personal address associated with Defendant Korzh, however, this address is also in Russia. *Id.* at ¶ 32. Again, because Russia has suspended compliance with the Hague Convention, Plaintiff is unable to effectuate service under the Hague Convention on Defendant Korzh. *Id.* at ¶ 33.

As such, despite these diligent efforts, Plaintiff has been unable to effectuate service on the Unserved Defendants, and any success will likely only come after unreasonable delay. Accordingly, Plaintiff expanded its investigation to identify other avenues for service of process on the Unserved Defendants. *Id.* at ¶ 34. Plaintiff has identified personal and/or work emails, social media accounts, and/or affiliated corporate websites. *Id.* Further, Plaintiff has created a webpage, https://www.qiwisecuritieslitigation.com/, dedicated exclusively to the purpose of notifying the Unserved Defendants of the pendency of this litigation by publishing the requisite documents. *Id.* at ¶ 35. For the reasons stated below, Plaintiff respectfully requests leave to effectuate service on the Unserved Defendants through those alternative means.

## III.    ARGUMENT

"Under Federal Rule of Civil Procedure 4(f)(3), service may be effected upon individuals in foreign countries by any means 'not prohibited by international agreement, as the court orders." *Wei Su v. Sotheby's, Inc.*, 2018 WL 4804675, at *3 (S.D.N.Y. Oct. 3, 2018). "The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Id.*

Nonetheless, a "plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Altos Hornos de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*, 2015 WL 6437384, at *2 (S.D.N.Y. Oct. 19, 2015). While courts may consider a plaintiff's efforts to effectuate service on a defendant, "[e]xhaustion of the other provisions of Rule 4(f) is not required before a plaintiff seeks court-ordered service." *U.S. v. Besneli*, 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015).

"In other words, Rule 4(f)(3) is merely one means among several which enables service of process on an international defendant and is neither a 'last resort' nor 'extraordinary relief." *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 512 (S.D.N.Y. 2013); *see also Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (there is "no hierarchy among the subsections in Rule 4(f)"); *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) (same); *S.E.C. v. Anticevic*, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (Rule 4(f)(3) "provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case.").

Accordingly, courts in this Circuit routinely exercise "wide discretion" to permit alternative service. *Xiaoyuan Zhang v. Valaris plc*, 2021 WL 982460, at *2 (S.D.N.Y. Mar. 16, 2021) (*quoting Fisher v. Petr Konchalovsky Found.*, 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016)); *see also Nurlybaev v. ZTO Express (Cayman) Inc.,* 2018 WL 11222556, at *1-*2 (Apr. 6, 2018); *Baidu.com Inc.*, 293 F.R.D. at 515; *S.E.C. v. Lines*, 2009 WL 2431976, at *2 (Aug. 7, 2009); *see also Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Under those standards, alternative service on the Unserved Defendants is appropriate. First, Plaintiff has diligently attempted to serve Defendants. Second, the proposed means of alterative

service on the Unserved Defendants are not prohibited by the Hague Convention or international law and comport with due process.

### A. Plaintiff has undertaken extensive steps to serve Defendants.

Plaintiff undertook prompt and extensive efforts to effectuate service on each of the eight Defendants, but, to date, only four have accepted service and entered an appearance in this case. Although not a prerequisite to alternative service, Plaintiff has exhausted its efforts to serve the remaining four Unserved Defendants. *Besneli*, 2015 WL 4755533, at *1 ("Exhaustion of the other provisions of Rule 4(f) is not required before a plaintiff seeks court-ordered service."); *see also Baidu.com Inc.*, 293 F.R.D. at 512 ("[I]t should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful"); *Peifa Xu v. Gridsum Holding Inc.,* 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020) ("There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court's assistance in ordering alternative service.").

The Hague Convention governs where "there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). "Service under the Hague Convention is commenced when a plaintiff requests that the 'Central Authority' of a signatory country effect service on a defendant residing within that country." *S.E.C. v. Shehyn*, 2008 WL 6150322, at *2 (S.D.N. Y Nov. 26, 2008).

As discussed in detail *supra*, Plaintiff attempted service under the Hague Convention on Defendant Karavaev, in Cyprus, but was unsuccessful in those efforts. The remaining Unserved Defendants are in Russia, but any attempts to effectuate service in Russia under the Hague Convention would likely prove unsuccessful. As a Court in this Circuit has judicially noted, "Russia refuses to transmit service requests through its Central Authority and thus requests go unexecuted." *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, 2014 WL 1331046, at *9-*10

(S.D.N.Y. Mar. 31, 2014). Where "there is no reason to believe that service would be effective if [a plaintiff] were required to serve [a defendant based in Russia] in accordance with the Hague Convention procedures, substituted service pursuant to Rule 4(f)(3) is appropriate." *Arista Records LLC v. Media Servs. LLC,* 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008).

Moreover, the Hague Convention does not apply "where the address of the person to be served with the document is not known." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (*quoting* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. I); *see also S.E.C. v. Lines*, 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009) ("As Article I of the Hague Convention quite understandably recognizes, it shall not apply where the address of the person to be served with the document is not known."). "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Shen*, 2018 WL 4757939, at *4; *see, e.g.*, *In re Bibox Group Holdings Ltd. Sec. Litig.*, 2020 WL 4586819, at *3 (S.D.N.Y. Aug. 10, 2020) ("In light of the impracticability of plaintiff's efforts, the addresses of the Unserved Defendants are essentially unknown, rendering the Hague Convention service procedures inapposite.").

Courts in this Circuit routinely permit alternative service of process where, as here, opaque actors have eluded efforts at serving process. *See Ultra Recs., LLC v. Chee Yee Teoh*, 2017 WL 1753485, at *2 (S.D.N.Y. Apr. 18, 2017) (authorizing alternative service by email where attempts to serve by mail under the Hauge Convention were not "able to be delivered"); *see also Lines*, 2009 WL 2431976, at *2 (granting motion for alternative service where Plaintiff "made unsuccessful efforts to serve each of the Unserved Defendants through the appropriate Central Authority"); *S.E.C. v. Nnebe*, 2003 WL 402377, at *1, *3 (S.D.N.Y. Feb. 21, 2003) (permitting

9

alternative service after investigation did not result in current address for defendant); *Bibox*, 2020 WL 4586819, at *2-*3 (permitting alternative service when plaintiff was unable to determine a defendant's address despite using a private investigator); *Kaneka Corp. v. Purestart Chem Enter. Co.*, 2017 WL 11509784, at *3 (E.D.N.Y. Oct. 17, 2017) ("Insomuch as the Hague Convention is not applicable, an alternative method of service is appropriate under Rule 4(f)(3).").

As discussed in detail *supra*, Plaintiff submitted a Hague Request with the Central Authority of Cyprus in an attempt to effectuate service on Defendant Karavaev. However, Plaintiff's efforts were unsuccessful, and any further attempts would likely lead to the same result, or at the very least, result in an unreasonable delay. In addition, any attempts to serve Defendants Poshmorga, Kiseleva or Korzh under the Hague Convention in Russia also present a strong likelihood of failure or unreasonable delay. *See Paushok v. Ganbold*, 487 F. Supp. 3d 243, 245 (S.D.N.Y. 2020) (granting alternative service upon individual Russian defendants because plaintiff could not "ascertain defendants' residential addresses, and given Russia's apparent unwillingness to permit service by mail through the Hague Convention"). Moreover, the failed service attempt on Defendant Poshmorga in the United States, and Defendant Karavaev failure to enter an appearance following effective service on October 25, 2021, suggest that at least some Unserved Defendants are evading service. Therefore, Plaintiff has acted diligently and has made the requisite showing to use alternative means to serve the Unserved Defendants pursuant to Rule 4(f)(3).

**B.      The proposed means of alterative service are not prohibited by international agreement or law and comport with due process.**

Article 10 of the Hague Convention permits service through "postal channels" or through judicial officers or officials in the state of destination provided that, the signatory does not object to the use of those alternative means. Cyprus, a signatory to the Hague Convention, does not object

to Article 10.[2] And, while Russia is also a signatory to the Hague Convention, as previously discussed, they have suspended cooperation with regard to service.[3]

Courts in this Circuit, and elsewhere, have found that Plaintiff's proposed methods of alterative service—email, through corporate portal, publication, and/or social media—do not violate the Hague Convention or international law. *See Allstar Mktg. Grp., LLC v. Aoyatex Co.*, 2021 WL 3501011, at \*4 (S.D.N.Y. Aug. 9, 2021) (permitting alternative service via website publication through a specific page dedicated to the lawsuit); *Oscilloscope Pictures v. Monbo*, 2019 WL 2436296, at \*2 (E.D.N.Y. Feb. 22, 2019) (accepting Twitter as an acceptable method for alternative service); *F.T.C. v. PCCare247, Inc.*, 2013 WL 841037, at \*6 (S.D.N.Y. Mar. 7, 2013) (allowing plaintiff to effectuate service *via* Facebook); *Bibox*, 2020 WL 4586819, at \*2-\*3 (granting plaintiff's request to service defendants through various social media accounts); *Hardin v. Tron Found.*, 2020 WL 5236941 (S.D.N.Y. Sept. 1, 2020) (finding LinkedIn is an appropriate alternative method of service).

This is the case for both Russia and Cyprus. *See Paushok*, 487 F. Supp. 3d at 244 (service by email to Russian defendants at a business email address where defendants worked and plaintiffs had regularly communicated with them using this address years previously satisfied due process concerns); *see also ShelterZoom Corp. v. Goroshevsky*, 2020 WL 4252722, at \*2 (S.D.N.Y. July 23, 2020) (affirming service via email for a defendant residing in Russia as Russia's objection to Article 10 did not explicitly extend to an objection to electronic service); *Ultra Recs., LLC*, 2017

---

[2] http://www.mjpo.gov.cy/mjpo/mjpo.nsf/sectorjust03_en/sectorjust03_en?OpenDocument (last visited February 24, 2022); *see also Newmont USA Ltd. v. Imatech Systs. Cyprus Pty Ltd.,* 2019 WL 3219144, at \*1 (D. Nev. July 17, 2019). CCH, Cyprus – Central Authority & practical information, https://www.hcch.net/en/states/%20Newmont%20USA%20Limited%20v.%20Imatech%20Systems%20Cyprus%20Pty%20Ltd.,%20Not%20Reported%20in%20Fed....%20%C2%A9%202021%20Thomson%20Reuters.%20No%20claim%20to%20original%20U.S.%20Government%20Works.%202%20authorities/details3/?aid=50 (last visited February 24, 2022).

[3] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last visited February 24, 2022).

WL 1753485, at *1 (approving service by email on Russian defendant); *Fisher*, 2016 WL 1047394, at *2-*4 (permitting service by email on Russian corporate defendant); *AMTO, LLC v. Bedford Asset Mgmt.*, 2015 WL 3457452, at *7 (S.D.N.Y. Jun. 1, 2015) (*citing Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC,* 2013 WL 1644808, at *1 (W.D. Pa. Apr. 16, 2013) (noting that the court was "not aware of any international agreement or Russian law that prohibits service by email")); *Smith v. Wolf Performance Ammunition*, 2015 WL 315891, at *2 (D. Nev. Jan. 23, 2015) (allowing the third-party plaintiff to effectuate service via email on a Russian company); *Microsoft Corp. v. Does 1–18*, 2014 WL 1338677, at *3 (E.D.Va. Apr. 2, 2014) (noting that "service by e-mail and internet publication to [a defendant residing in Russia was] authorized by Fed. R. Civ. P. 4(f)(3)"); *Newmont USA Ltd. v. Imatech Systs. Cyprus Pty Ltd.,* 2019 WL 321944 (D. Nv. July 7, 2019) (granting plaintiff's request to serve defendant in Cyprus by email with return receipt request).

In addition, the proposed means of alternative service comport with constitutional notions of due process which requires "notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" *Bibox*, 2020 WL 4586819, at *2. Four Individual Defendants, former colleagues of the Unserved Defendants, have appeared in this Action, (*see* ECF Nos. 8-9, 11, 36-37, 50); in addition, Qiwi disclosed the litigation in its public filings. *See* 2020 Form 20-F. Further, at the time of filing the *Ochakoff* complaint, Defendants Karavaev, Kiseleva and Korzh were still serving in an executive or director role at Qiwi. *See* ECF No. 30 at ¶¶ 28, 30-31; ECF No. 5. That any of the Unserved Defendants are not aware of this litigation strains credulity.

Likewise, in cases like this, "[c]ourts have sensibly held that service on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise

the employee of the pendency of the action and therefore comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013); see also *In GLG Life Tech. Corp. Sec. Litig.,* 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("[O]bviously a corporation will inform its own Chairman and Chief Executive Officer of a lawsuit pending against him."); *Brown v. China Integrated Energy, Inc.,* 285 F.R.D. 560, 566 (C.D. Cal. 2012) (unserved officers' and directors' "close connection" with the corporation make it "all but certain" that directors served "will receive notice of the suit").

For the same reasons, courts have also accepted service through a company's online portal as comporting with due process. *See Berluti SA v. Berlutishoeoutlet.com*, 2020 WL 6078055, at *2 (S.D. Fla. Apr. 9, 2020) ("Service by e-mail and website posting are therefore reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections."). Specifically, Defendants Poshmorga, Karavaev and Kiseleva are employed by companies that predominately conduct business online, and whose physical locations have been unascertainable despite exhaustive effort.

Even if that were not the case, "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant*." F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (*citing Gurung v. Malhotra,* 279 F.R.D. 215, 220 (S.D.N.Y. Nov. 22, 2011)). This is especially true where, as here, Defendants appear to conduct business exclusively over the internet. See *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service by email where "defendants conduct business extensively… through their Internet websites and correspond regularly with customers via email" and rejecting "[d]efendants' objections about theoretical reliability of email service"

where plaintiff "amply demonstrated the high likelihood that defendants would receive and respond to email communications").

Despite the strong likelihood that the Unserved Defendants are already aware of the litigation, Plaintiff now proposes to apprise the Unserved Defendants of the litigation utilizing an email service that provides delivery and read receipts, verifying the validity of the account, an accepted method of alternative service. *See, e.g. Cunningham v. Gen. Motors LLC*, 2020 WL 4748157, at *1-*2 (S.D.N.Y. Aug. 17, 2020) (finding that service on a German defendant via email comported with due process where "based on the email-tracking tool used by [the plaintiffs, the defendant] opened the email sent to him a mere [twelve] minutes after it was sent to him"); *see also Mattel, Inc. v. Animefun Store,* 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020) (finding email service was "indubitably effective in this case" because plaintiff had received registered receipts from RPost confirming that the service emails were sent to, delivered to, and received by, each recipient, and defendants "engaged in online business and regularly communicated with customers through email.").

Next, like email, the Hague Convention does not specifically preclude service by internet publication. Thus, courts have found that service by internet publication does not violate international law. *See Allstar Mktg. Grp.*, 2021 WL 3501011, at *4 (via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com); *Smart Study Co. v. Beijing Longteng Yunqi Trade Co.*, 2021 WL 2737392, at *5 (S.D.N.Y. July 1, 2021) (same); *Berluti SA*, 2020 WL 6078055, at *2 ("Defendants have at least one known and valid form of electronic contact and Plaintiffs have created a website for the sole purpose of providing notice of this action to Defendants. The address to this website will be provided to

14

Defendants through their known e-mail accounts and onsite contact forms embedded in Defendants' respective websites").

Moreover, the Second Circuit has found that service by publication is reasonably likely to come to the defendant's attention, especially where, the defendant already has actual notice of the litigation. *Gurung*, 279 F.R.D. 215; *Anticevic*, 2009 WL 361739 (publication of service in the three proposed newspapers, which were widely circulated in Germany and Croatia, would apprise defendant, who may have already had actual knowledge of the case, of the pendency of the current action); *Smith v. Islamic Emirate of Afg.*, 2001 WL 1658211, at *3 (S.D.N.Y. Dec. 26, 2001) (finding likelihood that defendant was aware suits would be filed against him supported permitting service by publication).

Finally, courts in this Circuit regularly accept social media platforms as alternative means of service, particularly where, as here, it is not the only proposed form of alternative service. *See*, *e.g.*, *Hardin*, 2020 WL 5236941 (LinkedIn); *Bibox*, 2020 WL 4586819, at *2-*3 (various social media accounts); *Oscilloscope Pictures*, 2019 WL 2436296, at *2 (Twitter); *PCCare247*, 2013 WL 841037, at *6 (Facebook); *Besneli,* 2015 WL 4755533, at *1 (email and publication); *PCCare247*, 2013 WL 841037, at *6 ("Where defendants run an online business, communicate with customers via email, and advertise their business on their Facebook pages, service by email and Facebook together presents a means highly likely to reach defendants.").

Plaintiff therefore seeks leave to effectuate service on the Unserved Defendants pursuant to Rule 4(f)(3) through the following alternative means:

- **Karavaev**: Service has already been effectuated on the high-level employee's corporate entity (ECF No. 5), as well as, while employed by Defendant Qiwi (ECF No. 49). Further, Plaintiff's attempt to serve Karavaev at Nexters' corporate headquarters in Cyprus, was unsuccessful. Therefore, Plaintiff seeks to serve Karavaev through: (i) his LinkedIn Profile: https://cy.linkedin.com/in/alexander-karavaev-7050a215; (ii) the email

15

addresses associated with the company Karavaev currently serves as CFO for, Nexters, including: (a) r.safiyulin@nexters.com; and (b) aa@nexters.com; (iii) the social media accounts of Nexters, including: (a) Facebook: https://www.facebook.com/nexters; (b) LinkedIn: https://www.linkedin.com/company/nexters/; and (c) Twitter: https://twitter.com/nexters. Plaintiff also seeks to serve Karavaev by publishing the requisite documents to a dedicated webpage, designed exclusively to notify the Unserved Defendants of the pendency of this litigation, found at: https://www.qiwisecuritieslitigation.com/.

- **Kiseleva**: Service has already been effectuated on the high-level employee's corporate entity (ECF No. 5). Although Plaintiff was also able to locate a physical address associated with Kiseleva, at the company he currently serves as Director of Capital Markets for, Cian (or Cyan), the location is in Russia, which has suspended service under the Hague Convention. Therefore, Plaintiff seeks leave to serve Kiseleva through: (i) his LinkedIn: https://ru.linkedin.com/in/varvara-kiseleva-45b29526; (ii) an email address associated with Cian (or Cyan): support@cian.ru; and (iii) Cian's corporate portal offered as a means of contacting the company and its employees: www.cian.ru/contacts. Plaintiff also seeks to serve Kiseleva by publishing the requisite documents to a dedicated webpage, designed exclusively to notify the Unserved Defendants of the pendency of this litigation, found at: https://www.qiwisecuritieslitigation.com/.

- **Poshmorga**: Service was attempted, but failed, at the only known U.S. address associated with Poshmorga, at the office of SDVentures where he serves as the company's Chief Investment Officer ("CIO"). Although Plaintiff was also able to locate a physical address associated with SDVentures in Russia, the Russian Federation has suspended service under the Hague Convention. Therefore, Plaintiff seeks leave to serve Poshmorga through: (i) his LinkedIn: https://ch.linkedin.com/in/vladislav-poshmorga-3172739; (ii) the social media accounts associated with the company Poshmorga currently serves as CIO for, SDVentures, including: (a) Facebook: https://www.facebook.com/SocialDiscoveryVentures; (b) LinkedIn: https://www.linkedin.com/company/social-discovery-ventures/; and (c) Twitter: https://twitter.com/sdventures; and (iii) SDVentures' corporate portal offered as a means of contacting the company and its employees: http://sdventures.com/contact-us/. Plaintiff also seeks to serve Poshmorga by publishing the requisite documents to a dedicated webpage, designed exclusively to notify the Unserved Defendants of the pendency of this litigation, found at: https://www.qiwisecuritieslitigation.com/.

- **Korzh**: Although the investigator hired by Plaintiff was able to locate a physical address associated with Korzh, this location is in Russia, which has suspended service under the Hague Convention. Therefore, Plaintiff seeks leave to serve Korzh through: (i) Telegram @pavel_korzh; (ii) his Instagram: @pavel___korzh; and (iii) his LinkedIn: https://ru.linkedin.com/in/pavel-korzh-61946915. Plaintiff also seeks to serve Korzh by publishing the requisite

documents to a dedicated webpage, designed exclusively to notify the Unserved Defendants of the pendency of this litigation, found at: https://www.qiwisecuritieslitigation.com/.

While it is a near certainty that the Unserved Defendants have notice, as discussed *supra*, the proposed methods of alternative service are reasonably calculated to notify the Unserved Defendants, are consistent with due process and do not violate international agreement or law.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to effectuate service by alternative means pursuant to Rule 4(f)(3) on the Unserved Defendants.

DATED: February 25, 2022

Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
Constantine P. Economides
1 SE 3rd Ave.
Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900
ingo@rochefreedman.com
vel@rochefreedman.com
ceconomides@rochefreedman.com

*Counsel for Plaintiff Moset Int'l Co. Ltd. and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Plaintiff Moset Int'l Co. Ltd.*

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on February 25, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Ivy T. Ngo*
Ivy T. Ngo