**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re QIWI PLC SECURITIES LITIGATION | Master File No.: 1:20-cv-06054-RPK-CLP |
| This Document Relates To : <br><br> ALL ACTIONS. | |

**DECLARATION OF IVY T. NGO IN SUPPORT OF**
**MOTION FOR LEAVE FOR ALTERNATIVE SERVICE**

I, Ivy T. Ngo, hereby declare as follows:

1.      I am Counsel at Roche Freedman LLP ("Roche Freedman"), counsel for Lead Plaintiff Moset International Company Limited ("Plaintiff") and Lead Counsel for the Class. I make this Declaration in support of Plaintiff's Motion for Leave for Alternative Service and have personal knowledge of the facts set forth herein.

2.      Plaintiff, through its counsel, has conducted a diligent investigation to identify an address for service of process on Defendants Alexander Karavaev ("Karavaev"), Varvara Kiseleva ("Kiseleva"), Vladislav Poshmorga ("Poshmorga") and Pavel Korzh ("Korzh") (collectively, "Unserved Defendants"). This investigation has consisted of, including but not limited to, searching through corporate records, social media accounts, websites, blog posts, interviews, government registries, business addresses, and residential addresses both in the United States and aboard. Despite Plaintiff's diligent efforts, the Unserved Defendants have not been served.

3.      On December 11, 2020, Dale H. Ochakoff filed a Class Action Complaint for Violation of the Federal Securities Laws against Qiwi plc ("Qiwi"), Boris Kim ("Kim"), Sergey Solonin ("Solonin"), Alexander Karavaev, and Varvara Kiseleva, *Ochakoff v. Qiwi plc, et al.*, Case No. 1:20-cv-06054-RPK-CLP (E.D.N.Y.) (ECF No. 1) ("*Ochakoff*").

4.      On January 4, 2021, Nicholas Petruzzi filed a Class Action Complaint for Violation of the Federal Securities Laws against Qiwi, Kim, Solonin, Karavaev, and Kiseleva, *Petruzzi v. Qiwi plc,* Case No. 2:21-cv-00021-RPK-CLP (E.D.N.Y.) ("*Petruzzi*"; together with *Ochakoff*, "Related Actions").

5.      On January 4, 2021, Mr. Ochakoff filed with the Court, Proof of Service on Defendant Qiwi on December 21, 2020. ECF No. 5.

6.	On January 11, 2021, the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") appeared on behalf of Defendant Qiwi. ECF Nos. 8, 9 and 11.

7.	On February 9, 2021, Plaintiff and other members of the putative class moved for consolidation of the Related Actions, appointment as Lead Plaintiff and approval of selection of Lead Counsel. *See* ECF No. 13, 15, 17.

8.	Following the Court's Order on May 20, 2021, consolidating the Related Actions and appointing Plaintiff as Lead Plaintiff and approving Roche Freedman as Lead Counsel for the Class (ECF No. 27), Roche Freedman initiated its efforts to serve Defendants named in the Related Actions.

9.	On July 9, 2021, Plaintiff filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("CAC") against Qiwi, Kim, Solonin, Andrey Protopopov ("Protopopov"), Karavaev, Kisleva, Poshmorga, and Korzh. ECF No. 30. Following the filing of the CAC, Roche Freedman continued its efforts to locate and serve the Defendants named in the Related Actions and initiated similar efforts to locate and serve the newly named Defendants.

10.	On July 12, 2021, I emailed counsel of record for Defendant Qiwi, Skadden, requesting confirmation as to whether they would be representing Defendants Protopopov, Poshmorga, and Korzh, and if Skadden was willing to accept service on their behalf. *See* Exhibit A.

11.	On August 9, 2021, Skadden informed me that the firm would be representing Defendant Protopopov in the above-captioned Action and agreed to accept service of the CAC on his behalf, but was silent as to Defendants Poshmorga and Korzh. *See* Exhibit B.

12. On September 17, 2021, Skadden appeared on behalf of Defendant Protopopov. ECF Nos. 36-37.

13. As Roche Freedman continued its efforts to locate and serve Defendants in this Action, on October 1, 2021, I contacted Skadden requesting forwarding addresses for Defendants Kim, Solonin, Karavaev, Kiseleva, Poshmorga and Korzh. *See* Exhibit C.

14. On October 12, 2021, Skadden provided that, they would also be representing Defendants Kim and Solonin and upon finalizing their representation, would agree to accepting service of the CAC on their behalf. *See* Exhibit D. As to Defendants Karavaev, Kiseleva, Poshmorga and Korzh (the Unserved Defendants), Skadden claimed that the Unserved Defendants were no longer employed by Qiwi and were not represented by Skadden. *See id.* As a result, Skadden stated that they "were not prepared to disclose any information regarding their personal addresses." *Id.*

15. On November 10, 2021, Plaintiff and Defendants Kim and Solonin filed a Stipulation regarding an extension of time for Defendants Kim and Solonin to respond to the CAC, and Skadden agreed to accept service of the CAC on their behalf. *See* ECF No. 50.

16. Despite its extensive investigation, Roche Freedman was unable to locate a personal address for the Unserved Defendants as no such addresses were found to be publicly available. In an effort to exhaust all known addresses, Roche Freedman attempted to effectuate service on the Unserved Defendants at other locations they have been associated with.

17. Through investigation, Roche Freedman identified that Defendant Poshmorga is currently the Chief Investment Officer at SDVentures, with offices in multiple locations, including (i) 55 East 59th Street, New York, NY 10022, and (ii) Business Center "TRIO", 8 Marta Street,

D. 1, St. 12, Moscow, Russia. *See* Exhibits E-F. As such, Roche Freedman engaged a process server to effectuate service on Defendant Poshmorga at the New York office of SDVentures.

18. On October 14 and 15, 2021, the process server visited the provided address for SDVentures in an attempt to effectuate service on Defendant Poshmorga. On October 14, 2021, the process server was told by building security that SDVentures and Defendant Poshmorga were not known at this address. The process server returned on October 15, 2021, and was told, once again, by building security, who claimed to have worked at this location for fourteen years, that he had never heard of the company or Defendant Poshmorga. *See* Exhibit G.

19. Through investigation, Roche Freedman learned that in July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters, refusing to serve letters of request from the United States for service of process presented under the terms of the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). Therefore, despite knowing a potential address in Russia associated with Defendant Poshmorga, Plaintiff is unable to request service pursuant to the Hague Convention.

20. Second, Roche Freedman identified that Defendant Karavaev is currently the Chief Financial Officer for Nexters Inc. ("Nexters"). *See* Exhibit H. Nexters is a publicly traded company with its shares listed on the Nasdaq, incorporated under the laws of the British Virgin Islands. *See* Exhibit I. According to public documents filed with the U.S. Securities and Exchange Commission, Nexters' principal executive offices are located at 55, Griva Digeni, 3101, Limassol, Cyprus. *See id.*

21. Nexters' public documents also provide that Puglisi & Associates is the U.S. registered agent of Nexters with its offices located at 850 Library Ave, Suite 204, Newark,

Delaware 19711. Further, J. David Stewart, Esq. of Latham & Watkins LLP is listed as counsel on behalf of Nexters. *See id.*

22. On October 13, 2021, I contacted J. David Stewart via email, providing Mr. Stewart with a copy of the CAC as well as the summons issued for Defendant Karavaev on December 14, 2020 (ECF No. 4), and asked if he would be willing to accept service on behalf of Defendant Karavaev, or provide a current mailing address for Mr. Karavaev. *See* Exhibit J. As of the date of this declaration, Mr. Stewart has not responded to my request to accept service or provided a current address for Defendant Karavaev.

23. On October 21, 2021, Roche Freedman engaged a process server to effectuate service on Defendant Karavaev at the office of Nexters' U.S. registered agent, Puglisi & Associates. On November 5, 2021, Plaintiff filed an Affidavit of Service informing the Court that Defendant Karavaev had been served on October 25, 2021. ECF No. 49.

24. On November 8, 2021, Skadden, while claiming not to currently represent Defendant Karavaev in this Action, requested that "in order to avoid potential disputes", Roche Freedman "shed some light on whether (and why)" Defendant Karavaev was properly served. *See* Exhibit K.

25. In response, on November 11, 2021, Roche Freedman informed Skadden that the method of service or process effectuated on Defendant Karavaev is supported under Rule 4(e) of the Federal Rules of Civil Procedure, ensuring that he is notified of the litigation. Roche Freedman further informed Skadden that we had recently received a FedEx package returning the copy of the CAC and summons, after receipt by Puglisi & Associates, and we were prepared to discuss any arguments as to the legal effect of returning such documents with Defendant Karavaev personally or with his counsel, if represented. *See* Exhibit L. Following Roche Freedman's correspondence

5

on November 11, 2021, we did not receive a response from Skadden regarding the service of process on Defendant Karavaev.

26. In an abundance of caution, on November 11, 2021, pursuant to the Hague Convention, Roche Freedman prepared a Request for Service Aboard of Judicial or Extrajudicial Documents ("Hague Request") to serve Defendant Karavaev at the principal executive offices of Nexters, located in Cyprus.

27. On November 19, 2021, the Hague Request, along with a wire confirmation in the amount of 21 Euros, was sent to the Central Authority of Cyprus, the Ministry of Justice and Public Order, located at 125 Athalassas Avenue, 1461 Nicosia, Cyprus. *See* Exhibit M. The FedEx was signed for and delivered on November 24, 2021. *See* Exhibit N.

28. Then, on January 27, 2022, Roche Freedman received a letter from the Ministry of Justice and Public Order, dated January 7, 2022, denying the Hague Request, "Since the documents were not sent threw [sic] the Central Authority." *See* Exhibit O.

29. Next, Roche Freedman learned that Defendant Kiseleva currently serves as the Director of Capital Markets at Cian (or Cyan) Group, with its primary office at Street Electrozavodskaya 27, Building 8, Room I, Floor 5, Moscow, Russia 107023. *See* Exhibit P.

30. As discussed in ¶ 20, despite knowing of an address in Russia associated with Defendant Kiseleva, Plaintiff is unable to request service pursuant to the Hague Convention.

31. Lastly, Roche Freedman conducted an extensive search to locate any address associated with Defendant Korzh, to no avail. Therefore, on October 13, 2021, Roche Freedman contacted an investigator in Russia to assist with the search to locate Defendant Korzh.

32. On October 21, 2021, the investigator sent Roche Freedman a report containing the personal information collected for Defendant Korzh. *See* Exhibit Q. Through this investigation,

Roche Freedman has reason to believe that Defendant Korzh resides at 121170 Pobedy Street, State 2-2, SQ 18, Moscow, Russia.

33. As discussed in ¶ 20, despite knowing of an address in Russia, associated with Defendant Korzh, Plaintiff is unable to request service pursuant to the Hague Convention.

34. In addition, Roche Freedman has identified alternative means of contacting the Unserved Defendants such as, personal and/or work emails, social media accounts, and/or affiliated corporate websites. Roche Freedman is also prepared to utilize RPost products to confirm that the proposed email accounts associated with the Unserved Defendants, are valid and capable of receiving service emails.

35. Further, Roche Freedman created a webpage dedicated exclusively to the publication of requisite documents to notify the Unserved Defendants of the pendency of this litigation, which can be found at https://www.qiwisecuritieslitigation.com/.

36. As of the filing date of Plaintiff's motion: (1) Plaintiff has been unable to identify another publicly available address for Defendants Poshmorga, Kiseleva, or Korzh, and (2) Defendant Karavaev has failed to respond to the CAC following service effectuated on October 25, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2022 in Lakewood, Colorado.

*/s/ Ivy T. Ngo*
Ivy T. Ngo

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on February 25, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Ivy T. Ngo*
Ivy T. Ngo
