**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re QIWI PLC SECURITIES LITIGATION | Master File No.: 1:20-cv-06054-RPK-CLP |
| This Document Relates To :<br><br>ALL ACTIONS. |  |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION FOR LEAVE FOR ALTERNATIVE SERVICE**

Plaintiff respectfully submits this Reply Memorandum of Law in Further Support of its Motion for leave to effectuate service upon the Unserved Defendants—Karavaev, Kiseleva, Poshmorga, and Korzh—through the proposed alternative means (ECF No. 51).[1]

Pursuant to Rule 4(f)(3), alternative service is appropriate in this Action because Plaintiff has demonstrated that the proposed alternative means are consistent with due process and do not violate international agreement or law. *See In re Petrobras Sec. Litig.*, No. 14-cv-9662 (JSR), 2015 WL 10846515, at *1 (S.D.N.Y. Nov. 2, 2015) ("A method of alternate service is acceptable if it '(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'") (citing *S.E.C. v. China Intelligent Lighting and Elecs., Inc.*, No. 13-cv-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014)). Further, while not required, Plaintiff has demonstrated diligent efforts taken to locate and serve the Unserved Defendants. *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020) ("There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court's assistance in ordering alternative service.").

Indeed, Plaintiff expended significant time and resources to locate and serve the Unserved Defendants. *See* ECF No. 52 at 4-6. It attempted service on Defendants Poshmorga and Karavaev at addresses identified in the United States, and pursuant to the Hague Convention, attempted to serve Defendant Karavaev in Cyprus. *Id.* at 4-5. In addition, Plaintiff engaged an investigator to assist in its efforts to locate and serve Defendant Korzh. *Id.* at 6. However, despite identifying addresses for Defendants Poshmorga, Kiseleva, and Korzh in Russia, Plaintiff is unable to request service pursuant to the Hague Convention due to the Russian Federation's unilateral suspension

---

[1] Unless otherwise noted, internal citations are omitted and emphasis is added. All capitalized terms carry the same meaning as defined in Plaintiff's opening brief and supporting documents (ECF Nos. 51-53).

of compliance. *See id.* at 4-6. As such, despite these diligent efforts, Plaintiff has been unable to effectuate service on the Unserved Defendants, and any success will likely only come after unreasonable delay.

Further, the proposed means of alternative service—email, social media accounts, corporate online portals, and/or publication—do not violate the Hague Convention or international law, and comport with constitutional notions of due process, as the proposed methods will fairly apprise the Unserved Defendants of the Action. *See id.* at 10-17.

While the Unserved Defendants failed to respond to Plaintiff's Motion, Defendants Qiwi, Protopopov, Solonin, and Kim (the "Served Defendants") filed a letter with the Court concerning Plaintiff's Motion. *See* ECF No. 56. The letter provides that the Served Defendants "take no position on the merits" of Plaintiff's Motion and couch the purpose of the letter as a reminder of the pending motion to dismiss filed by Defendants Qiwi and Protopopov. *See* ECF No. 56; *see also* ECF No. 43. As they have stated before, counsel for the Served Defendants asserts that "none of [the Unserved Defendants] are currently represented by this firm in this action," yet they continue to advocate for the Unserved Defendants. *See* ECF No. 56; *see also* ECF No. 53 at ¶¶ 11, 14, 24. Specifically, without assuming the position of counsel for the Unserved Defendants, the letter claims that the arguments raised in the motion to dismiss would support dismissal of all individual defendants, including the Unserved Defendants, rendering Plaintiff's Motion moot. *See* ECF No. 56.

The Served Defendants, however, have already been served, and the Court's order on this Motion – regardless of whether it is granted or denied – will not impact the Served Defendants in any way. The Served Defendants have no stake in the outcome of this Motion, thus they lack standing to take any position on it and correspondingly, their letter warrants no consideration. *See Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006) ("Federal courts as a general rule allow litigants

2

to assert only their own legal rights and interests, and not the legal rights and interests of third parties."); *In re Graña Montero S.A.A. Sec. Litig.*, No. CV 17-1105 (JMA) (ARL), 2019 WL 259778, at *3 (E.D.N.Y. Jan. 9, 2019) (holding that the served corporate defendant lacked standing to oppose the motion for alternative service, declining to consider the corporate defendant's filed opposition); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114-15 (S.D.N.Y. 2010) (holding that the served defendant lacked standing to oppose motion for alternate service on co-defendant, striking opposition submitted by served defendant); *S.E.C. v. Lines*, No. 07 Civ. 11387(DLC), 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) (holding that properly-served defendants do not have standing to oppose substitute service on unserved defendants); *Sayles v. Pac. Eng'rs & Constructors, Ltd*., No. 08-CV-676S, 2009 WL 791332, at *7 (W.D.N.Y. Mar. 23, 2009) ("The foreign defendants, who would have standing to contest ... any defects in the process or its service[] have yet to appear.... [T]he appearing defendants lack standing to raise this objection[.]"). Until counsel for the Served Defendants is prepared to enter an appearance on behalf of the Unserved Defendants, it lacks standing to be heard on whether the Court should permit Plaintiff to utilize alternative means to effectuate service on other defendants.

Regardless, the Served Defendants do not challenge any of the proposed methods of service, or that they satisfy the only requirements of Rule 4(f)(3) – that the proposed methods are permitted under international agreement and law, and are consistent with due process. Instead, the Served Defendants, unsupported by any caselaw, assert that presumably Plaintiff's Motion is moot due to the pending motion to dismiss. *See* ECF No. 56.

Service of process is intended to fairly apprise a defendant of a pending action and the claims against them. Plaintiff currently has one goal as to the Unserved Defendants: provide notice of the pendency of this litigation so that the Action may proceed as to those parties. As detailed in its Motion, since Plaintiff was appointed to lead the Action on May 20, 2021, it has diligently

conducted investigative efforts to locate and serve the Unserved Defendants. *See* ECF No. 52 at 4-6. The pendency of a motion to dismiss filed by other defendants does not eliminate the inherent need to inform the Unserved Defendants of this Action. As such, the Served Defendants "position-free" letter fails to present any legitimate reason for denying Plaintiff's Motion. To the contrary, it only confirms what was set out in Plaintiff's Motion—that alternative service is both appropriate and necessary in this case.

Thus, for the reasons set forth herein and in its prior briefing, Plaintiff respectfully requests that the Court grant its Motion in its entirety.

DATED: March 18, 2022                    Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
Constantine P. Economides
1 SE 3rd Ave.
Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900
ingo@rochefreedman.com
vel@rochefreedman.com
ceconomides@rochefreedman.com

*Counsel for Lead Plaintiff Moset Int'l Co. Ltd and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
(T): (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Moset Int'l Co. Ltd.*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 18, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Ivy T. Ngo*
Ivy T. Ngo