**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re QIWI PLC SECURITIES LITIGATION | Case No. 1:20-cv-06054-RPK-CLP |
| This Document Relates To :<br><br>ALL ACTIONS. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**<u>RENEWED MOTION FOR LEAVE FOR ALTERNATIVE SERVICE</u>**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), and in accordance with this Court's September 30, 2022 Order (ECF No. 58) ("Order"), Lead Plaintiff Moset International Company Limited ("Plaintiff") respectfully submits this Memorandum of Law in Support of its Renewed Motion for Leave for Alternative Service ("Renewed Motion").[1]

## I.    PRELIMINARY STATEMENT

On February 25, 2022, Plaintiff submitted its Motion for Leave for Alternative Service ("Motion") (ECF No. 51) and supporting documents (ECF Nos. 52-53), requesting leave to serve Defendants Alexander Karavaev, Varvara Kiseleva, Vladislav Poshmorga, and Pavel Korzh (collectively, the "Unserved Defendants") through alternative means. Plaintiff's Memo detailed the exhaustive efforts taken to serve the Unserved Defendants, to no avail. *See* Mem. at 4-6, 8-10; Declaration of Ivy T. Ngo in Support of Motion ("Ngo Decl."), ECF No. 53 at ¶¶ 2, 13, 16-20, 22, 23, 26, 29, 31-35. As such, Plaintiff sought leave to effectuate service on the Unserved Defendants through alternative means, such as: (i) social media accounts; (ii) corporate email addresses; (iii) corporate portals; and/or (iv) publication of the requisite documents to a dedicated webpage designed exclusively to notify Unserved Defendants of the pendency of this litigation, https://www.qiwisecuritieslitigation.com/, ("Proposed Website"). Mem. at 15-17.

The Court's Order analyzed the proposed means and found that more information was needed to support Plaintiff's argument that the suggested channels were reasonably calculated to reach the Unserved Defendants. Order at 27. Thus, the Court denied Plaintiff's Motion, without prejudice, to resubmit with more information addressing the concerns raised in the Order. *Id.*

Plaintiff has obtained additional information and now respectfully submits it to assuage the

---

[1] Unless otherwise noted, capitalized terms used but not defined have the meaning ascribed to them in Plaintiff's Memorandum of Law in Support of its Motion for Leave for Alternative Service (ECF No. 52) ("Memo" or "Mem."); all emphasis is added; and internal citations are omitted.

Court's concerns and in further support of its Motion. Based on the facts alleged in its prior briefing and the supplemental facts provided herein, the proposed means of alternative service are reasonably calculated to provide the Unserved Defendants notice of the pending action and the claims against them. Therefore, the Court should grant Plaintiff's Renewed Motion in its entirety.

## II.   STATEMENT OF ADDITIONAL RELEVANT FACTS

Plaintiff relies on the Background contained in its Memo (Mem. at 2-6), as supplemented by the following information:

### A.   Defendant Karavaev

Plaintiff previously identified Defendant Karavaev as currently serving as the Chief Financial Officer for Nexters Inc. ("Nexters"). Ngo Decl. at ¶ 20. Accordingly, Plaintiff previously attempted to serve Karavaev by emailing Nexters's listed counsel, personally serving Nexters's domestic agent, and by submitting a Hague Convention Request upon the Central Authority of Cyprus, which the Central Authority rejected. *Id.* at ¶¶ 22-23, 26-28. Plaintiff has now identified: (i) Karavaev's LinkedIn profile: https://cy.linkedin.com/in/alexander-karavaev-7050a215; (ii) his email address associated with Nexters, ak@nexters.com; and (iii) Nexters' social media accounts, including Twitter (https://twitter.com/nexters), Facebook (https://www.facebook.com/nexters) and LinkedIn (https://www.linkedin.com/company/nexters/). *See* Declaration of Ivy T. Ngo in Support of Renewed Motion ("Ngo Supp. Decl."), ¶ 4.

### B.   Defendant Kiseleva

At the time Plaintiff filed its Motion, Defendant Kiseleva was serving as the Director of Capital Markets at Cian (or Cyan) Group, with its primary office located in Moscow. *Id.* at ¶ 29. But Plaintiff is unable to serve Kiseleva pursuant to the Hague Convention. *Id.* at ¶ 30. Plaintiff thus previously sought to serve Kiseleva through her personal LinkedIn profile

(https://ru.linkedin.com/in/varvara-kiseleva-45b29526), a general support email address for Cian (or Cyan) Group, the contact portal on Cian (or Cyan) Group's website, and publication to the Proposed Website. Mem. at 16. However, when the Court issued its Order, Kiseleva was no longer at the Cian (or Cyan) Group. Order at 23.

Plaintiff now has identified Kiseleva as Director for Corporate Finance and IR at the X5 Group, which is headquartered in Moscow, and her X5 email address, Varvara.Kiseleva@x5.ru.

### C.    Defendant Poshmorga

At the time Plaintiff filed its Motion, Defendant Poshmorga was serving as the Chief Investment Officer at SDVentures, with offices in New York City and Moscow. Ngo Decl. at ¶ 17. As a result, Plaintiff attempted to effectuate service on Poshmorga at SDVentures' New York office. *Id.* at ¶¶ 17-18. However, the process server was told by building security that neither SDVentures nor Poshmorga were known at that address. *Id.* In addition, Plaintiff previously sought to serve Poshmorga through his personal LinkedIn profile (https://ch.linkedin.com/in/vladislav-poshmorga-3172739), SDVentures' social media accounts, the contact portal on SDVentures's website, and publication to the Proposed Website. Mem. at 16. But when the Court issued its Order, Poshmorga was no longer at SDVentures. Order at 24.

Plaintiff now has identified Poshmorga as a current advisor to the boards of Maximize Capital (Switzerland) and RIPE Capital (Moscow). In addition, Plaintiff has identified his email address as affiliated with Cornell University: vap9@cornell.edu.

### D.    Defendant Korzh

Plaintiff enlisted the aid of an investigator in Russia to assist with the search to locate Defendant Korzh. Ngo. Decl. at ¶ 31. The investigator was able to obtain an address belonging to Korzh in Moscow, but again, Plaintiff is unable to request service pursuant to the Hague

Convention. *Id.* at ¶¶ 32-33. Plaintiff previously sought to serve Defendant Korzh through his Telegram account, his Instagram account, his personal LinkedIn profile, and publication to the Proposed Website. Mem. at 16-17. However, the Court noted in its Order the difficulty of ascertaining if any of those social media accounts actually belong to Korzh. Order at 25-26.

While Plaintiff has been unable to obtain additional information to confirm whether any of those social medial accounts belong to Korzh, Plaintiff has identified a process service firm that could serve Korzh via an online legal notice publication system: Process Service Network, LLC.

## III.    ARGUMENT

Plaintiff relies on the law contained in its Memo (Mem. at 8-15), as supplemented by the law referenced below.

### A.    Defendant Karavaev

The proposed forms of alternative service are reasonably calculated to provide the requisite notice to Defendant Karavaev. Indeed, Defendant Karavaev appears to already be on notice of this lawsuit based on an SEC filing by his current company, Nexters. This Court previously noted that "Plaintiff has not asked this Court to authorize alternative service on Defendant Karavaev through service on Nexters's counsel or registered agent, nor to retroactively authorize such prior attempts as having been an authorized alternative means of service." Order at 18 n. 16. Plaintiff now requests that this Court retroactively authorize service upon Nexters' counsel and domestic agent as alternative means of service. *See Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) ("Courts have sensibly held that service on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process."); *see also* Order at 17 (noting that Karavaev is a "high-level employee at Nexters").

4

Next, while Plaintiff previously sought to serve Karavaev through email addresses associated with Nexters, including r.safiyulin@nexters.com and aa@nexters.com (Mem. at 16), this Court held that "Plaintiff has offered no evidence to explain how these emails were identified or why communications through these emails are reasonably likely to provide notice to Karavaev." Order at 17. Plaintiff now seeks to serve Karavaev through his LinkedIn account and his email address at Nexters, ak@nexsters.com. *See Hardin v. Tron Found.*, No. 20-CV-2804 (VSB), 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (finding that "[p]laintiffs have identified a publicly available email address associated with Defendant Chen, a possible personal email address, and his LinkedIn account, which, when used in conjunction are reasonably calculated to provide the requisite notice to Defendant Chen."). Through RMail Registered Email™, Plaintiff has confirmed that email address, as well as that an email sent to Karavaev at that email address, was both delivered and opened.

Lastly, the Court held that "while plaintiff has proposed service upon Karavaev over certain social media outlets operated by Nexters, including Facebook, Twitter, and a Nexters' LinkedIn account, plaintiff has not explained who will likely receive notice of service through these corporate social media channels or why such service could reasonably be expected to reach defendant Karavaev." Order at 19. However, according to the SEC Form 20-F filed by Nexters on April 29, 2022, which Karavaev certified that he reviewed, it is apparent that both he and Nexters are aware of this pending lawsuit against Qiwi. Per the section entitled "Directors and Senior Management":

> Mr. Karavaev has served as chief financial officer of Nexters since August 2021. From 2019 to 2020, Mr. Karavaev served as a member of the board of directors of QIWI Group, a leading payment company in Russia and the CIS. From 2012 to May 2019, Mr. Karavaev was the Chief Financial Officer of QIWI Group. In December 2020 and January 2021, class action lawsuits were filed against QIWI plc and certain of its current and former officers in the United States District Court

5

for the Eastern District of New York. The complaints allege that QIWI plc made material false or misleading statements and omissions regarding its business, operational and compliance policies in its annual report filed on Form 20-F for the years ended December 31, 2019 and 2018. Plaintiffs have sought to consolidate the cases into one proceeding, and seek an award of unspecified damages, prejudgment and post-judgment interest, as well as reasonable attorneys' fees, and other costs. QIWI plc and certain of its current and former officers are defending rigorously against these allegations.

*See* Ngo Supp. Decl., ¶ 4 [http://pdf.secdatabase.com/2334/0001104659-22-053233.pdf, p. 83].

Accordingly, alternative service on Karavaev is more than reasonable. *See also F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at \*5-6 (S.D.N.Y. Mar. 7, 2013) ("Service by alternative means is all the more reasonable where, as here, the defendants demonstrably already have knowledge of the lawsuit.").

### B.    Defendant Kiseleva

The proposed forms of alternative service are reasonably calculated to provide the requisite notice to Defendant Kiseleva. Previously, the Court noted that Kiseleva was no longer at Cian and "plaintiff has not provided the Court with any information as to how [her] contact information was discovered or why plaintiff believes it to be reliable." Order at 23. Since then, Plaintiff has discovered that Kiseleva works at the X5 Group, and now seeks to serve her through LinkedIn account and her email address at that company, Varvara.Kiseleva@x5.ru. Plaintiff has confirmed that email address through RMail Registered Email™ and that an email sent to Kiseleva at that email address was delivered. In addition, Plaintiff located that email address on a May 19, 2022 X5 announcement regarding the company's annual general meeting of shareholders. *See* Ngo Supp. Decl., ¶ 6 [https://www.x5.ru/wp-content/uploads/2022/05/x5_agm_convocation_eng.pdf].

### C.    Defendant Poshmorga

The proposed forms of alternative service are reasonably calculated to provide the requisite notice to Defendant Poshmorga. The Court previously held that "given the absence of evidence

6

that Poshmorga continues to have a relationship with SDVentures, the Court concludes that service solely through Poshmorga's LinkedIn profile and publication on the plaintiff's website is not reasonably likely to reach Poshmorga to provide notice of this lawsuit." Order at 24-25. Accordingly, Plaintiff now seeks to serve Poshmorga through his LinkedIn account and his personal email address associated with Cornell: vap9@cornell.edu. *See* Ngo Supp. Decl., ¶ 7. Plaintiff confirmed this email address through RMail Registered Email™ and that an email sent to Poshmorga at that email address was both delivered and opened.

### D.      Defendant Korzh

The proposed forms of alternative service are reasonably calculated to provide the requisite notice to Defendant Korzh. Previously, the Court noted that there were various discrepancies with the social media accounts through which Plaintiff sought to serve Korzh. Order at 26. Plaintiff has been unable to any additional information that would assist in resolving those discrepancies, and thus now seeks to serve Korzh by publication through Process Service Network, LLC. *See Securities & Exchange Commission v. HGI, Inc.*, No. 99 CIV. 3866 (DLC), 1999 WL 1021087 (S.D.N.Y. Nov. 8, 1999) ("Service by publication may be permissible when service is otherwise impossible and when it is reasonable to conclude that the defendant is likely to read the newspaper in which the notice is published, particularly when the defendant is otherwise on notice that there may be a case pending against him.").

## IV.    CONCLUSION

For the reasons set forth herein and in its prior briefing, Plaintiff respectfully requests that the Court grant its Renewed Motion to effectuate service on the Unserved Defendants through alternative means.

7

DATED: January 18, 2023           Respectfully Submitted,

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (*pro hac vice*)
Velvel (Devin) Freedman (*pro hac vice*)
Constantine P. Economides
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900
Emails: ingo@fnf.law
         vel@fnf.law
         ceconomides@fnf.law

*Counsel for Lead Plaintiff and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
(T): (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 18, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

_/s/ Ivy T. Ngo_
Ivy T. Ngo