UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE QIWI PLC SECURITIES
LITIGATION

------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20 CV 6054 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

On December 11, 2020, Dale H. Ochakoff commenced this action against defendants Qiwi PLC ("Qiwi"), Boris Kim ("Kim"), Sergey Solonin ("Solonin"), Alexander Karavaev ("Karavaev"), and Varvara Kiseleva ("Kiseleva"), alleging violations of the federal securities laws under the Securities and Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in connection with the publicly traded securities of Qiwi between March 28, 2019 and December 9, 2020. (ECF No. 1). On May 20, 2021, the Court appointed Moset International Company Limited ("Moset") as lead plaintiff (ECF No. 27), and on July 9, 2021, Moset filed a Consolidated Amended Class Action Complaint, expanding the relevant time period and naming the same defendants but adding Andrey Protopopov ("Protopopov"), Vladislav Poshmorga ("Poshmorga"), and Pavel Korzh ("Korzh"). (Am. Compl.[1])

On September 30, 2022, this Court denied plaintiff's Motion for Alternative Service as to defendants Karavaev, Kiseleva, Poshmorga, and Korzh (collectively, the "Unserved defendants"), but authorized plaintiff to renew the motion with additional information clarifying certain concerns addressed in the Court's Order. (Order[2] at 27). In the Order, the Court set out

---

[1] Citations to "Am. Compl." refer to the Amended Complaint, filed on July 9, 2021. (ECF No. 30).
[2] Citations to "Order" refer to this Court's Memorandum and Order, denying the Motion for Alternative Service with leave to renew, signed September 30, 2022. (ECF No. 58).

the applicable law on alternative service and analyzed the proposed methods of service for each of the Unserved defendants.  (Id.)  The Court's legal analysis is incorporated by reference herein.

On January 18, 2023, plaintiff submitted a renewed request for leave to serve the Unserved defendants by alternative means, such as 1) social media accounts; 2) email addresses; and 3) online publication via Process Service Network, LLC.  (See Proposed Order, ECF No. 62-1).  In support of its request, plaintiff submitted a Memorandum of Law and the Declaration of Ivy T. Ngo, counsel for Lead Plaintiff Moset, along with various exhibits providing additional information in response to the Court's concerns raised in the earlier Order.

Specifically, Ms. Ngo represents that since the issuance of the Court's Order, counsel has conducted an extensive investigation through which they have identified personal and/or work emails of defendants, social media accounts, and affiliated corporate websites.  (Ngo Decl.[3] ¶ 3).  With respect to the emails, Ms. Ngo states that counsel has used RMail Registered Email ("RMail") to confirm that all proposed email accounts associated with the Unserved defendants are valid and capable of receiving emails.  (Id.)

For the reasons set forth below, the Court grants plaintiff's request to serve defendants Karavaev, Kiseleva, and Poshmorga through alternative means.  The Court also Orders plaintiff to serve these three defendants through publication on its litigation specific website: https://www.qiwisecuritieslitigation.com/.  The Court however denies without prejudice plaintiff's request to serve defendant Korzh through the alternative means identified herein.

---

[3] Citations to "Nego Decl." refer to the Declaration of Ivy T. Ngo in Support of Renewed Motion for Leave for Alternative Service, filed January 18, 2023.  (ECF No. 64).

DISCUSSION

1)  Defendant Karavaev

In plaintiff's earlier motion, defendant Karavaev was identified as the Chief Financial Officer for Nexters Inc. ("Nexters"), an entity incorporated in the British Virgin Islands, publicly traded on NASDAQ, and with its principal offices located in Cypress.  (Order at 2).  Plaintiff had originally attempted to serve Karavaev by emailing a copy of the Summons and Complaint to Nexters' listed counsel, by serving Nexters' registered agent, Puglisi & Associates, and by serving the Cyprus General Authority through the Hague Convention.[4]  (Id. at 2–3).  Plaintiff sought to serve Karavaev through two email addresses but offered no evidence that these emails were likely to reach the defendant.  (Id. at 17–18).

In seeking to renew its application for alternative service, plaintiff explains that the email addresses for Nexters bear the same general configuration.  (Ngo Decl. ¶ 4).  For example, the email addresses for Roman Safiyulin, the Chief Corporate Development Officer of Nexters, is rs@nexters.com, as confirmed through the company's website and a prospectus filed with the SEC.  (Id.; see Exs. A, B).  Plaintiff has also identified a second example of an email address belonging to Andrey Akimov, the Chief Communications Officer identified in the prospectus.  (Id. ¶ 4, Ex. B).  His email address is aa@nexters.com.  (Id.)  Based on this information and the form of these email addresses, plaintiff contends that Karavaev's Nexters email would be ak@nexters.com.  (Id.)  Also, through use of RMail, plaintiff has confirmed that this email address receives email and is actively monitored as the email was opened.  (Pl.'s Mem. at 5).

In addition, plaintiff asserts that Karavaev is aware of the lawsuit based upon an SEC Form 20-F, filed by Nexters, and reviewed by Karavaev.  (Ngo Decl. ¶ 5).  The SEC Form 20-F

---

[4] The Central Authority rejected the attempt.  (Order at 2).

3

indicates by electronic signature that it was reviewed by Karavaev and this lawsuit against Qiwi and Karavaev are mentioned on the Form.  (ECF No. 64-5 at 4; ECF No. 64–7 at 26, 29).  Specifically, the Form 20-F includes a reference in Karavaev's biography that states:  "[i]n December 2020 and January 2021, class action lawsuits were filed against QIWI plc and certain of its current and former officers in the United States District Court for the Eastern District of New York."  (ECF No. 64-5 at 4).  In addition, Karavaev's biography confirms that he was CFO of Qiwi.  (Id.)  Karavaev's electronically signed Certification states:  "I have reviewed this annual report on Form 20-F of Nexters Inc," indicating that he was aware of the lawsuits.  (ECF No. 64-7 at 26).  Plaintiff also identified a personal LinkedIn profile for Karavaev, as well as Nexters' corporate LinkedIn, Twitter, and Facebook accounts.  (Pl.'s Mem.[5] at 2).

Although previously, plaintiff had sought to serve Karavaev by serving the email accounts belonging to Roman Safiyulin and Andrey Akimov, with no explanation as to why communication with these addresses was likely to reach the defendant, now plaintiff is proposing to serve a business email address likely linked directly to Karavaev.  See Makina ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd., No. 22 CV 3933, 2022 WL 3018243, at *5 (S.D.N.Y. July 29, 2022) (granting plaintiff's motion for alternative service where plaintiff proposed to serve an international defendant by email, having shown that the email belonged to the defendant, "that [the defendant] currently owns and manages the company associated with that email address[,] and that service through this email address is thus likely to notify him of th[e] action").  The Court finds that service upon the ak@nexters.com email address, combined with service on the defendant's personal LinkedIn account, as well as service on the corporation's social media accounts, to be sufficient.  See Hardin v. Tron Found., No. 20 CV 4804, 2020 WL

---

[5] Citations to "Pl.'s Mem." refer to the Memorandum of Law in Support of Plaintiff's Renewed Motion for Leave for Alternative Service, filed January 18, 2023.  (ECF No. 63).

5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (granting a motion for alternative service seeking to serve defendant by "a publicly available [corporate] email address . . . , a possible personal email address, and [defendant's known] LinkedIn account"); In re Bibox Grp. Holdings Ltd. Sec. Litig., No. 20 CV 2807, 2020 WL 4586819, at *3 (S.D.N.Y. Aug. 10, 2020) (granting a motion for alternative service by corporate and personal emails, social media accounts, and the corporate defendant's registered agent).

Additionally, "[p]laintiff now requests that this Court retroactively authorize service upon Nexters' counsel and domestic agent as alternative means of service."  (Pl.'s Mem. at 4 (quoting Stream SICAV v. Wang, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) for the proposition that "[c]ourts have sensibly held that service on a high-level employee's corporate employer or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process").  The Court declines to authorize retroactively service on Nexters' counsel and domestic agent but will authorize plaintiff to serve Karavaev through Nexters' counsel and domestic agent, in addition to the methods of service outlined above.  In addition, the Court also Orders plaintiff to serve Karavaev through publication on its litigation-specific website:  https://www.qiwisecuritieslitigation.com/.  Service is to be completed by **September 15, 2023.**

    2)  Kiseleva

In the Court's earlier Order considering alternative service, the Court raised a number of issues with respect to plaintiff's proposed method for serving defendant Kiseleva.  (Order at 22–23).  In the Ngo Declaration, it is asserted that Kiseleva currently serves as Head of Corporate Finance and Investor Relations of X5 Group, an entity located in Moscow.  (Ngo Decl. ¶ 6).  As a result, service through the Hague Convention is not possible.  (See Order at 9 & n.8).

5

However, plaintiff has identified Kiseleva's corporate email address associated with the X5 Group, as listed on a public company announcement regarding its annual general meeting of shareholders. (Ngo Decl. Ex. F). Plaintiff has confirmed through RMail that an email sent to that email address was delivered. (Pl.'s Mem. at 6). In addition, plaintiff asserts that Kiseleva's LinkedIn profile is active in that she[6] has reacted to posts based on her LinkedIn activity page and kept her employment status updated. (Ngo Decl. ¶ 6, Exs. D, E).

As with defendant Karavaev, now that plaintiff has identified a corporate email address specifically associated with Kiseleva, the Court grants plaintiff's request to serve Kiseleva through her corporate email address and her personal LinkedIn account, and through publication on plaintiff's litigation website: https://www.qiwisecuritieslitigation.com/. Service is to be completed by **September 15, 2023.**

3) Poshmorga

In its initial application, plaintiff claimed that defendant Poshmorga was the Chief Investment Officer at Social Discovery Ventures ("SDVentures"), with offices in New York and Moscow. (Order at 3). Although service was attempted at the listed New York address, the process server was informed by building security that he had never heard of either Poshmorga or SDVentures. (Id. at 3–4). Again, because Russia has suspended all judicial cooperation with the United States, service through the Hague Convention at SDVentures' Moscow address was not

---

[6] One of the issues raised by this Court in its earlier Order was whether Kiseleva was still working at Qiwi or at another entity identified as the "Cian Group" or "Cyan." (Order at 23 & nn.20 –21). Cian also had its primary offices in Moscow so service through the Hague Convention was not available. (Id. at 4). Even more of an issue was the fact that at the time of the prior application, it appeared that Kiseleva had moved from Cian to the X5 Group. (Id. at 23). Thus, the Court determined that plaintiff had failed to show that service upon Kiseleva through an email address associated with Cian or through Cian's corporate portal was likely to notify Kiseleva. (Id. at 22). The Ngo Declaration confirms that Kiseleva is currently working at X5 Group. (Ngo Decl. ¶ 6). Thus, service through her X5 Group corporate email is likely to reach her. The Court also expressed confusion based on plaintiff's papers as to whether Kiseleva was male or female. (Order at 23). The Ngo Declaration now refers to Kiseleva as a woman (Ngo Decl. ¶ 6), consistent with the Amended Complaint. (Am Compl. ¶ 30).

an option.  (Id. at 4).  Although plaintiff proposed to serve Poshmorga through his LinkedIn account and publication on the litigation website, the Court found that those methods of service alone were not likely to provide notice.  (Id. at 24–25).

In renewing its application, plaintiff notes that Poshmorga's LinkedIn account lists him as an alumnus of Cornell University.  (Ngo Decl. ¶ 7, Ex. G).  Plaintiff also notes that it appears that Poshmorga is active on his LinkedIn account.  (Id. ¶ 7, Ex. H).  By searching the Cornell email database, plaintiff located Poshmorga's alumni email address.  (Id., Ex. I).  Plaintiff confirmed through RMail that an email sent to this address was received and opened.  (Pl.'s Mem. at 7).  Thus, plaintiff now seeks to serve Poshmorga through his personal email address associated with Cornell, and through his LinkedIn account.  (Id.)

Having considered the new evidence presented by plaintiff, the Court grants plaintiff's request to serve Poshmorga through his Cornell email address, his LinkedIn account and by publication on plaintiff's litigation website:  https://www.qiwisecuritieslitigation.com/.  Service is to be completed by **September 15, 2023.**

4)  Korzh

At the time of the initial application, plaintiff had been unable to definitively locate Korzh, but the investigator believed he was residing in Moscow, making service through the Hague Convention impossible.  (Order at 4).  In seeking authorization for alternative service, the plaintiff indicated that the investigator had located several social media accounts related to Korzh, including an Instagram account and a LinkedIn account.  (Id. at 25).  In denying plaintiff's initial request, the Court noted that the investigator's report did not explain how he obtained the information or why it was reliable, in addition to various discrepancies between the Instagram and LinkedIn accounts, raising questions as to whether the investigator had actually

7

identified the right Korzh.  (Id. at 25–26).  The investigator had also identified a Telegram

account but the spelling of "Kortzh" in that account differed from the spelling of "Korzh" in the

Complaint.  (Id. at 26).  Based on these discrepancies and without any explanation as to why

these accounts were likely to belong to the defendant, the Court denied plaintiff's request for

alternative service.  (Id.)

In renewing the application, plaintiff concedes that it has been unable to obtain any

additional information that would resolve the discrepancies identified by the Court.  (Pl.'s Mem.

at 7; Ngo Decl. ¶ 8).  However, plaintiff asks the Court to allow it to serve Korzh through

publication through Process Service Network, LLC ("Process Service"), an online legal notice

publication system.  (Id.)  Plaintiff did not provide the Court with any information about Process

Service,[7] but instead provided the Court with a purported screengrab of the company website for

"Global Legal Notices."  (Ngo Decl., Ex. J).  According to the screengrab provided by plaintiff,

Global Legal Notices touts being "[a] radically better way of publishing legal notices."  (Id.)

The company purports to provide for continuous publication and will "[r]each[] defendants in

every area of the world (not just last-known city)."  (Id.)  Plaintiff fails to explain to the Court

exactly *how* service by publication through this company will work.

In Mullane v. Central Hanover Bank & Trust Company, the Supreme Court recognized

that "in the case of persons missing or unknown, employment of an indirect and even a probably

futile means of notification is all that the situation permits and creates no constitutional bar to a

final decree foreclosing their rights."  339 U.S. 306, 317 (1950); accord SEC v. Tome, 833 F.2d

---

[7] Although plaintiff did not provide the Court with any information about Process Service, the company that is proposed for alternative service, the Court located a website for Process Service, which indicates that the company can attempt multiple forms of service of process, including formal service through publication, the Hague Convention, or even personal service.  With respect to service by publication, Process Service appears to use an affiliate known as "Global Legal Notices" for publication service attempts.

8

1086, 1094 (2d Cir. 1987).  Here, despite enlisting the assistance of an investigator and conducting an extensive investigation, plaintiff has not been able to locate a physical, email, or social media address connected with this defendant.  The Court finds there is no readily available alternative to serve this defendant other than publication.

However, while some courts in other circuits have approved the use of Process Service or Global Legal Notices for service by publication, see, e.g., Miller v. Cartel, No. 20 CV 132, 2020 WL 12969219, at *2 (D.N.D. Sept. 18, 2020) (approving service by publication in a national newspaper in Mexico and for six consecutive weeks through Global Legal Notices LLC, because service by publication was not prohibited by international law, defendant's precise location could not be ascertained, it was unclear who would accept service on behalf of the defendant, and "defendant is renown for its ruthlessness and violence"), plaintiff has not provided the Court with any case authority in the Second Circuit in which the use of Process Service or Global Legal Notices for service by publication has been authorized.  Nor has plaintiff provided any other information about Global Legal Notices or this service method that would suggest that service through this alternative is reasonably calculated to reach and provide notice to the defendant.

In United Financial Casualty Co. v. R.U.R. Transportation, Inc., the plaintiff sought, in part, authorization for alternative service through Process Service in order to serve one defendant by publication in Mexico.  No. 22 CV 333, 2022 WL 16747283, at *4–5 (S.D. Cal. Nov. 7, 2022).  Although the plaintiff had submitted the declaration of the CEO of Process Service Network, LLC, attesting that newspapers in Mexico would not publish legal notices so "the only known method of service by publication in Mexico is through Global Legal Notice, LLC," the court rejected plaintiff's motion, finding that plaintiff had failed to justify why publication

9

through the Global Legal Notices was reasonably calculated to provide notice to the defendant.

Id.  The court explained:

> [i]n particular, the Motion does not state whether any individual has successfully received notice through internet publication in Mexico in any case, does not provide any evidence as to the number or type of cases where Global Legal Notices has successfully provided notice in Mexico or any other country, or evidence about how much traffic its website receives, and from where.

Id. at *5.

Here, plaintiff has not presented a statement from someone with knowledge about the success of publication by Process Service or Global Legal Notices in reaching individuals in Russia, and thus, the Court lacks information about whether service through these entities can be reasonably expected to reach defendant Korzh in this case.  Accordingly, because the Court cannot find, on the information before it, that such service is reasonably calculated to afford defendant with notice of the instant suit, the Court denies the request to serve defendant Korzh through Process Service Network or Global Legal Notices at this time.

CONCLUSION

For the reasons outlined in this Order, the Court grants plaintiff's motion for leave to serve defendants Karavaev, Kiseleva, and Poshmorga through the alternative means identified herein, including publication on the litigation website.  Plaintiff should effectuate service by **September 15, 2023** and file proof of service on the docket.  The Court denies, without prejudice, plaintiff's motion for alternative service as to defendant Korzh through the method proposed herein.

10

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: August 15, 2023
      Brooklyn, New York

*Cheryl L. Pollak*
          CHERYL L. POLLAK
          United States Magistrate Judge
          Eastern District of New York